**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**July 23, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-20483
Summary Calendar

)))))))))))))))))))))))))))

WARREN HOLLOWAY,

          Plaintiff-Appellant,

    v.

DEPARTMENT OF VETERANS AFFAIRS; ANTHONY PRINCIPI, SECRETARY,
LARRY GARDNER, JOHN DOE,

          Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
No. H-04-1395

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Warren Holloway ("Holloway") appeals the

district court's order granting the motion for summary judgment of

Defendants-Appellees Department of Veterans Affairs ("VA") and

Anthony Principi, Secretary of the VA. We VACATE the award of

summary judgment on Holloway's retaliation claim under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and REMAND for

---

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT RULE
47.5.4.

a determination consistent with <u>Burlington Northern & Santa Fe Railway v. White</u>, 126 S. Ct. 2405 (2006).

Holloway, an African-American male, was formerly employed as a computer specialist by the Michael E. DeBakey Veterans Medical Center in Houston, Texas. During his employment, he filed a number of grievances under the collective bargaining agreement with the VA and several EEO complaints alleging race discrimination and retaliation. Holloway was terminated on August 21, 2000, after he failed to obtain the necessary security clearance for his moderate security risk position.[1]

Holloway filed suit in April 2004, alleging race discrimination and retaliation based on his removal from a moderate security risk position and his termination. In addition to these claims, Holloway alleged that the VA retaliated against him by, among other things, denying his leave of absence request; requiring him to work on light duty while other employees were not required to work; and subjecting him to harassment and assault by his supervisors.[2] The district court dismissed Holloway's race discrimination and retaliation claims in their entirety. Holloway appeals only the district court's dismissal of the non-removal, non-termination retaliation

---

[1] Holloway's position was designated a moderate security risk in November 1992. Holloway was removed from his moderate security risk position on July 7, 2000, because he had not received the required security clearance.

[2] Holloway alleges a total of twenty-two acts of retaliation by the VA ("the non-removal, non-termination retaliation claim").

claim.

We have jurisdiction over this appeal under 28 U.S.C. § 1291 because it arises from a final judgment of the district court. This court reviews a summary judgment de novo, using the same standards applied by the district court. Dallas County Hosp. Dist. v. Assocs. Health & Welfare Plan, 293 F.3d 282, 285 (5th Cir. 2002).

To establish a claim of retaliation under Title VII, a plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. See, e.g., Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 414 (5th Cir. 2003). The district court dismissed the non-removal, non-termination retaliation claim on the ground that Holloway failed to show an adverse employment because only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating" constituted adverse employment actions. Holloway v. Dep't of Veterans Affairs, No. H-04-1395, 2006 WL 1168893, *4 (S.D. Tex. April 28, 2006) (citing Felton v. Polles, 315 F.3d 470, 486 (5th Cir. 2002)).

After the district court rendered its decision, the Supreme Court decided Burlington Northern, which rejected the approach taken by several circuits, including this one, for determining adverse employment actions in retaliation cases. Instead of the "ultimate employment decision" standard, the Supreme Court held that an

3

employee suffers an adverse employment action if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N., 126 S. Ct. at 2415 (internal quotation marks omitted). Because this circuit's standard for determining an adverse employment action is no longer limited to ultimate employment decisions, we remand Holloway's non-removal, non-termination retaliation claim for reconsideration in light of Burlington Northern.

For the reasons stated above, we VACATE the district court's grant of summary judgment on the non-removal, non-termination retaliation claim and REMAND for a determination consistent with Burlington Northern.

VACATED and REMANDED.