# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-20212

WARREN HOLLOWAY

Plaintiff-Appellant

v.

DEPARTMENT OF VETERANS AFFAIRS; ERIC K SHINSEKI Secretary,
Department of Veterans Affairs; LARRY GARDNER; JOHN DOE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-cv-01395

Before GARWOOD, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Warren Holloway ("Holloway") appeals the district court's order awarding summary judgment to Defendants-Appellants Department of Veterans Affairs ("VA"), Eric K. Shinseki,[1] Larry Gardner, and John Doe (collectively "Defendants") in his Title VII case. Holloway argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted current Secretary of Veterans Affairs Eric K. Shinseki for former secretary Anthony Principi as a party to this suit.

the district court erred in concluding that he failed to establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a). For the reasons explained below, we AFFIRM the district court's grant of summary judgment to Defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Holloway, an African-American male, is a former employee of the Michael E. DeBakery Veterans Medical Center in Houston, Texas. Beginning in 1997, while employed as a computer specialist, Holloway filed various EEO complaints alleging racial discrimination and retaliation. On August 21, 2000, the VA terminated Holloway following his failure to complete paperwork necessary to obtain a required security clearance.

Holloway filed the instant Title VII suit in April 2004, alleging racial discrimination and retaliation relating to his termination, as well as twenty-two other acts of retaliation against him by the VA, including, inter alia, "denying his leave of absence request; requiring him to work on light duty while other employees were not required to work; and subjecting him to harassment and assault by his supervisors." Holloway v. Dep't of Veterans Affairs, 244 F. App'x 566, 2007 WL 2116475, at *1 (5th Cir. July 23, 2007) (per curiam) (unpublished). Of particular relevance to this appeal, Holloway alleged that in 1998, his supervisor, Charles Warner ("Warner"), stated to two of Holloway's co-workers that Holloway was "creating problems by filing EEO complaints." Defendants moved for summary judgment, and the district court granted their motion and dismissed all of Holloway's claims. Holloway appealed only the dismissal of his "non-removal, non-termination retaliation claim." Id.

While Holloway's appeal was pending, the Supreme Court decided Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), in which it "rejected the approach taken by several circuits, including this one, for determining adverse employment actions in retaliation cases." Holloway, 2007

2

WL 2116475, at *1. Accordingly, we vacated the district court's grant of summary judgment and remanded Holloway's case for consideration in light of Burlington Northern. Id. at *2.

Following our remand, Defendants again moved for summary judgment. In response, Holloway abandoned all remaining allegations of retaliation except for that relating to Warner's 1998 statement that Holloway was "creating problems by filing EEO complaints." See Holloway v. Dep't of Veterans Affairs, Civil Action No. H-04-1395, 2008 WL 624708, at *1 (S.D. Tex. Mar. 5, 2008). Defendants asserted that Holloway failed to establish a prima facie case of retaliation with regard to this remaining allegation. Specifically, they argued that Holloway failed to establish the second element of his prima facie case: that Warner's statement constituted an "adverse employment action." The district court granted Defendants' motion on this ground and dismissed the case with prejudice. Holloway timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's award of summary judgment pursuant to 28 U.S.C. § 1291.

We review de novo a district court's award of summary judgment. Nichols v. Enterasys Networks, Inc., 495 F.3d 185, 188 (5th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 417 (5th Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "Where the non-moving party fails to establish 'the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial,' no genuine issue of material fact can exist." Nichols, 495 F.3d at 188 (quoting Celotex Corp., 477 U.S. at 322-23). In reviewing the motion, we "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008).

## III. DISCUSSION

Holloway contends on appeal that Warner's 1998 statement to two of Holloway's co-workers that Holloway was "creating problems by filing EEO complaints" constitutes a retaliatory statement actionable under Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a). 42 U.S.C. § 2000e-3(a) provides that

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Claims under Title VII are governed by the three-step test established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 388 (5th Cir. 2007). Under this test, an employee alleging a retaliation claim bears the initial burden of establishing a prima face case of retaliation. LeMaire, 480 F.3d at 388; see McDonnell Douglas, 411 U.S. at 802. To establish her prima facie case, an employee must demonstrate that "(1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action." Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008); accord Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348 (5th Cir. 2007). Only the second element is at issue in this case.

The Supreme Court recently clarified the requirements for the second element of an employee's prima facie case of retaliation. In Burlington Northern, the Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." 548 U.S. at 68 (internal quotation marks omitted). The Court explained that "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm," id. at 67, and noted that it "speak[s] of material adversity because . . . it is important to separate significant from trivial harms," id. at 68. In other words, it explained, "Title VII . . . does not set forth 'a general civility code for the American workplace.'" Id. (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). Notably, the Court cautioned that "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." Id.

Holloway's sole remaining allegation is that Warner's statement to two of Holloway's co-workers that Holloway was "creating problems by filing EEO complaints" rises to the level of an adverse employment action under the standard enunciated in Burlington Northern.[2] Since Burlington Northern, this court and others have considered various factors that weigh against a finding of "material adversity." Among these, we have explained that when a supervisor makes a challenged comment not to the plaintiff-employee but to his co-workers, the comment's hearsay nature "militates against a finding of materiality." Smith v. Harvey, 265 F. App'x 197, 201 (5th Cir. 2008) (per curiam) (unpublished) (citing Thomas v. iStar Fin., Inc., 438 F. Supp. 2d 348, 366

---

[2] We assume, arguendo, that the challenged statement constitutes an employment action.

(S.D.N.Y. 2006)). The fact that the supervisor made the comment on only one occasion and that no adverse consequences followed therefrom further weighs against a finding of material adversity. Id. Although we recognize that this unpublished decision does not bind us, we find it instructive and agree with its reasoning.

Moreover, a supervisor's mention, or even criticism, of an employee's EEO complaints does not itself constitute such "material adversity" that would "dissuade a reasonable worker from making or supporting a charge of discrimination." See Burlington Northern, 548 U.S. at 68. For example, in Jones v. Johanns, 264 F. App'x 463 (6th Cir. 2007), the Sixth Circuit held that a supervisor's letter to the plaintiff warning him to stop discussing his EEO complaints during business hours and threatening "official disciplinary action" if he failed to stop did not, "as a matter of law, constitute materially adverse actions," id. at 469. Indeed, courts have even held that a supervisor's statements to a plaintiff's co-workers that he would "get rid of" the plaintiff because he was "creating problems," Thomas, 438 F. Supp. 2d at 366, and "[b]admouthing or being mean to an employee within the workplace," Roldan v. Chertoff, No. 04CV2515, 2006 WL 4632503, at *12 (S.D. Cal. Oct. 19, 2006), are not materially adverse actions capable of sustaining a retaliation claim.

In the instant case, Warner made only one reference to Holloway's EEO complaints, and he directed the comment not to Holloway, but to two of Holloway's co-workers. Warner did not threaten disciplinary action, did not evince hostility toward Holloway, and did not suggest that Holloway drop his complaints or refrain from filing further complaints. Contrary to Holloway's assertion, Warner's statement is entirely distinguishable from those at issue in Fallon v. Potter, 277 F. App'x 422 (5th Cir. 2008) (per curiam) (unpublished), in which the plaintiff's supervisor directly threatened disciplinary action if the plaintiff did not withdraw his EEO complaint, id. at 428. The statements

challenged in Fallon—"You just keep filing those EEO complaints and I promise you one thing—there won't be a person in this post office to testify against me"; "You need to call her [an EEOC officer] and talk to her so you can drop this EEO"; "You need to tell her you don't need redress . . . cause you're canceling the EEO complaint"; and "You'll never have anyone in this post office stand up for you. If you continue to file these charges, I'll show you what you're up against," id. (alteration and omission in original)—bear no resemblance to Warner's comment here. Warner's single, non-threatening statement did not "create[] a situation so unbearable or bleak that a reasonable employee would have been dissuaded from complaining about discrimination." See Higgins v. Gonzales, 481 F.3d 578, 590 (8th Cir. 2007).

Accordingly, the district court correctly found that Warner's statement was insufficient to constitute a "materially adverse" employment action and that, therefore, Holloway failed to establish a prima facie case of retaliation.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's award of summary judgment to Defendants.

AFFIRMED.