# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 13-60323

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2015

Lyle W. Cayce
Clerk

HALLIBURTON COMPANY,

Petitioner,

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR,

Respondent.

_____

Petition for Review of an Order
of the United States Department of Labor

_____

Before STEWART, Chief Judge, DENNIS, Circuit Judge, and GILSTRAP,
District Judge.*

ORDER:

A member of the court in active service having requested a poll on the
reconsideration of this cause en banc, and a majority of the judges in active
service and not disqualified not having voted in favor (Fed. R. App. P. 35 and
5th Cir. R. 35), rehearing en banc is DENIED.

In the en banc poll, seven judges voted in favor of rehearing (Judges
Jolly, Davis, Jones, Smith, Clement, Owen, and Elrod), and eight judges voted

---

* District Judge of the Eastern District of Texas, sitting by designation.

against (Chief Judge Stewart and Judges Dennis, Prado, Southwick, Haynes, Graves, Higginson, and Costa).

ENTERED FOR THE COURT:

  /s/ James L. Dennis_____
United States Circuit Judge

E. GRADY JOLLY, Circuit Judge, joined by JONES and SMITH, Circuit Judges, dissenting from the denial of rehearing en banc:

The panel's decision in this appeal provides yet another gloss upon the Supreme Court's standard in *Burlington Northern & Santa Fe Railway Co. v. White*, defining a "materially adverse" employment action in the context of a retaliation claim. 548 U.S. 53, 68 (2006). Under the supposedly objective standard in *Burlington Northern*, an employee suffers a materially adverse action if the employer acts in a way that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."[1] *Id.* (internal quotation marks omitted). Although the Supreme Court crafted this standard in "general terms," this Court has grafted so many permutations, on so many occasions, in so many cases that it has no contours of any kind. *See id.* at 69. Because the panel's decision provides yet another choice for any panel of the Court to purport to apply *Burlington Northern*, I respectfully dissent from the Court's decision not to rehear the case *en banc*; we should give some clear objective meaning to the Supreme Court's "general terms."

The panel seems to admit to an *ad hoc* nature of its decision; it does *not* hold that a disclosure of an employee's identity as a complainant is necessarily a materially adverse employment action under *Burlington Northern*. *See Halliburton, Inc. v. Admin. Review Bd.*, 771 F.3d 254, 261 (5th Cir. 2014) (acknowledging that the relevant issue was whether the disclosure of the complaining employee's identity "*in the surrounding circumstances* amounted to a 'materially adverse' action under *Burlington*" (emphasis added)). Of course, disclosure of the identity of a complaining employee to his co-workers

---

[1] Title VII's anti-retaliation provision was before the *Burlington Northern* Court, and thus the Court's decision refers to charges of discrimination. The *Burlington Northern* standard, however, applies to a wide range of anti-retaliation provisions, including the Sarbanes-Oxley anti-retaliation provision at issue here. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 476 n.2 (5th Cir. 2008).

cannot, without more, be a materially adverse action, because such a disclosure causes no inherent harm to an employee. It is unlike a discharge or significant demotion, where the negative effect on the employee is clear. Indeed, a panel of this Court has recognized, in an unpublished decision, the common-sense principle that a disclosure of an employee as a complainant, standing alone, is not a materially adverse retaliatory action. *See Holloway v. Dep't of Veterans Affairs*, 309 F. App'x 816, 819 (5th Cir. 2009).

The panel holds that *if* the disclosure of the employee's identity results in ostracism, the disclosure *may* constitute an adverse employment action under *Burlington Northern*.[2] *Halliburton, Inc.*, 771 F.3d at 262. This position cannot be reconciled with this Court's precedent that ostracism or isolation by co-workers is *not* a materially adverse action under *Burlington Northern* as a matter of law. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009); *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484–85 (5th Cir. 2008). In *Stewart*, we considered five specific allegations of retaliation, including ostracism, and we concluded as a matter of law that ostracism is a minor annoyance in the workplace and not a materially adverse action. 586 F.3d at 332 (concluding that, "[a]s a matter of law, the latter three of these allegations [including ostracism] do not rise to the level of material adversity but instead fall into the category of 'petty slights, minor annoyances, and simple lack of good manners' that the Supreme Court has recognized are not actionable retaliatory conduct"). Similarly, we concluded in *Aryain* that allegations of "rude treatment" by an employee's supervisors are insufficient to constitute a materially adverse employment action. 534 F.3d at 485. Under our precedents

---

[2] The panel also notes that collaboration was an important part of the employee's job to bolster its analysis of ostracism. Of course, collaboration is important in *any* job, as is maintaining a positive rapport with co-workers, such that the panel's emphasis that the employer valued collaboration adds nothing to the panel's analysis.

in *Stewart* and *Aryain*, it is established in this Circuit that ostracism or isolation in the workplace does not rise to the level of material adversity. The panel plainly erred by concluding otherwise.

The panel does pose speculative consequences that may result from the disclosure of an employee's identity as a complainant. For example, the panel suggests that a boss's disclosure of an employee's complaint "could" signal a warning to other employees not to complain about the employer's conduct. Similarly, the panel speculates that Menendez could one day suffer from a "potential deprivation" of future advancement opportunities as a result of any ostracism by his coworkers. *Halliburton, Inc.*, 771 F.3d at 262. This speculation, I respectfully submit, is foreclosed by *Burlington Northern*, which emphasizes that retaliation is only actionable if it "*produces* an injury or harm." 548 U.S. at 67 (emphasis added). The *Burlington Northern* Court did not say that any action that has the *potential* to produce an injury is materially adverse. Under such a standard, virtually *any* employment action could be articulated as a material adverse action, contrary to the Court's admonition that an employee's decision to file an employment-related complaint "cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* at 68. Thus, the panel's speculation as to future harms is foreclosed by precedent.

Readers of the panel's opinion will certainly be confused by the absence of controlling authority for the panel's holding. Because *Stewart* and *Aryain* predate the panel's decision and remain cognizable law in this Circuit, we remain bound by those decisions—not the panel's errant decision in this case. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit

(absent an intervening holding to the contrary by the Supreme Court or this court en banc).").    Nevertheless, our authority addressing adverse consequences of employment decisions remains foggy.  In my conscientious view, the Court should have taken this case *en banc* to provide some contours to the concept of an adverse employment action so that we mete out employee rights on the same standard to all.

For these reasons, I respectfully dissent.