Joel LEVITCH, Saul Landau, Donn Alan Pennebaker, Amram Nowak, St. Clair Bourne, Albert Maysles, David Maysles, Martha Stuart, Peter Rosen, Thomas Craven, William Greaves, David Hoffman, Cavalcade Productions, Inc., George C. Stoney, Harry Wiland, Richard I. Young, Perry Schwartz, Craig Stewart, Robert Young, Michael Roemer, Emil De Antonio, Amanda Pope, Richard Slote, Theodore Holcomb, Richard Kaplan, Barbara Koppel, Plaintiffs,

v.

COLUMBIA BROADCASTING SYSTEM, INC., National Broadcasting Company, Inc., American Broadcasting Companies, Inc., WCBS–TV, WNBC–TV, WABC–TV, Defendants.

No. 78 Civ. 4264 (KTD).

United States District Court,
S. D. New York.

May 5, 1982.

See also, D.C., 495 F.Supp. 649.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P. C., New York City, for plaintiffs; Eric M. Lieberman, Ellen J. Winner, Jules Lobel, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant CBS, Inc.; Robert S. Rifkind, Stuart W. Gold, Louis M. Solomon, New York City, of counsel.

Cahill Gordon & Reindel, New York City, for defendant NBC, Inc.; Floyd Abrams, Dean Ringel, New York City, of counsel.

Hawkins, Delafield & Wood, New York City, for defendant ABC, Inc.; Philip R. Forlenza, Katherine A. Rundle, New York City, of counsel.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

In a first amended complaint which I have previously described as a "hopeless jumble of claims and theories," the plaintiffs charged violations of their constitutional guarantees to free speech and of Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. *See Levitch v. Columbia Broadcasting System*, 495 F.Supp. 649 (S.D.N.Y.1980). Plaintiffs are 26 independent film producers and directors who allege that the three major networks in the United States have adopted a policy whereby they air and offer to their affiliate stations only those documentary programs that are produced by the networks in-house. According to the complaint, this concerted policy by the networks freezes plaintiffs out of the documentary film market. In 91 paragraphs filling 49 pages, the first amended complaint purported to state seven separate claims each of which I had occasion to analyze at length on a motion by defendants to dismiss the complaint and for summary judgment. I dismissed each of the plaintiffs' claims but permitted the plaintiffs to replead the conspiracy claim under Section 1 of the Sherman Act. Upon the filing of such a repleading, the action was to be stayed pending an FCC investigation into the networks' policies regarding in-house production of documentaries. 495 F.Supp. at 679. My order dated July 23, 1980 stated in sum,

In accordance with the opinion above, plaintiffs' amended complaint is dismissed with leave to replead their Section 1 claim within twenty (20) days insofar as that claim charges an inter-network conspiracy based upon inter-dependent conscious parallelism. Should the plaintiffs file a second amended complaint, the entire action will be stayed pending the outcome of parallel FCC proceedings. *Id.*

On or about August 12, 1980, rather than file a second amended complaint, the plaintiffs filed a self-styled "amendment to first amended complaint." This recent submission states in full:

In accordance with the Court's decision of July 23, 1980, plaintiffs amend their First Amended Complaint to allege a new paragraph 64A, to read as follows:

The interdependent consciously parallel action of defendants CBS, NBC and

ABC, as alleged in paragraphs 62 through 64, is demonstrated, at least in the following ways:

(a) Upon information and belief plaintiffs and other independent documentary producers can and do produce top quality documentaries at less than one-half of the cost of comparable documentaries produced by each defendant. It would be in the immediate interest of any one of the defendants to purchase documentaries produced by plaintiffs or other independent documentaries producers, and it is of economic benefit to any defendant to refuse to purchase independent documentaries only if all three defendants jointly refuse to do so;

(b) Upon information and belief, ·when defendants sell advertising for documentaries to national sponsors, the cost of production is included in the advertising price. If any one defendant purchased documentaries from independent producers, the advertising price would have to be significantly ·lower. The present artificially high price of advertising time for documentaries can be maintained only if all the networks follow the identical policies, as they do.

Defendants now move to dismiss this new pleading on the grounds that it neither meets the requirements for pleading under the Federal Rules of Civil Procedures nor constitutes an "amended pleading" as required by my prior order. In addition, defendants argue that plaintiffs' recent amendments are illogical, inconsistent and do not state a claim under the Sherman Act.

Plaintiffs' new paragraph 64A presumably is to be inserted after paragraph 64 of the first amended complaint. As a result, this new paragraph apparently comes under the prior pleading's "fourth cause of action" which alleged *inter alia* violations of Sections 1 and 2 of the Sherman Act (¶¶ 62, 63) and Section 3 of the Clayton Act (¶¶ 62, 63). Also, this cause of action incorporates by reference the first 60 paragraphs of the first amended complaint.

This new paragraph 64A is totally unacceptable as an amended pleading. It incorporates nearly all of a complaint which has already been dismissed for reasons explained in my previous opinion. After the filing of an amended pleading prior pleadings are deemed withdrawn unless specifically referred to. *See Wilson v. First Houston Invest. Corp.*, 566 F.2d 1235, 1237–38 (5th Cir. 1978); *Nisbet v. Van Tuvl*, 224 F.2d 66, 71 (7th Cir. 1955). Also, when a pleading incorporates other documents it must be clear which statements are to be incorporated from the other documents. Fed.R.Civ.P. 10(c); 2A Moore's, Federal Practice ¶ 10.05 (1981). Here, the plaintiff vaguely, if at all, refers to the prior complaint which has been dismissed. The defendants cannot be expected to assume that the entire "fourth cause of action" is still viable or that the first 62 paragraphs of the prior complaint are to now form the basis for a claim of "conscious parallelism". For reasons set forth in my opinion of July 23, 1980, those portions of the complaint which plaintiffs implicitly incorporate into their new pleading are insufficient to support plaintiffs myriad of claims. They may not therefore in their present form provide the basis for plaintiffs' new pleading.

It is obvious that plaintiffs have purposely sought to file an amended pleading—in a form hitherto unknown to the Federal Rules of Civil Procedure—in an effort to keep their claim as ambiguous as possible. Considering the considerable effort that obviously went into plaintiffs' memorandum in opposition to the instant motion, it is perplexing that plaintiffs did not expend the same energy to formulate a coherent second amended complaint. Whatever plaintiffs' purpose in submitting their new pleading in its present form, it shall not provide the basis for an open-ended fishing expedition through defendants' files.

Plaintiffs argue that they had to present their pleading in its present form in order to preserve for appeal my earlier dismissal of the other claims in the complaint. If this argument had any merit it would prevent the district court from ever finally adjudi-

cating legitimate claims and would result in piecemeal appeals. *See Wilson v. First Houston Invest. Corp., supra,* at 1237–38. This argument, therefore, is no excuse for plaintiff's obfuscation of its conscious parallelism claim.

Plaintiffs further argue that its "amendment" purporting to state a claim under Section 1 for "conscious parallelism" is beyond reproach because it conforms with instructions given in my earlier opinion. There, I explained that in order to state a valid Section 1 claim plaintiffs must allege in their complaint facts to show how the refusal to purchase plaintiffs' documentaries is an interdependent decision by the networks and not unilateral. 495 F.Supp. at 675. Plaintiffs were granted leave to replead on this claim alone because of statements made in plaintiffs' memorandum on the prior motions to dismiss which elaborated on the alleged interdependent decisions. My prior opinion quoted two paragraphs from plaintiffs' memorandum 495 F.Supp. at 676. Plaintiffs' new paragraph 64A is almost a verbatim recitation of these two paragraphs. I stated that these paragraphs described "the type of facts and circumstances that if contained in plaintiffs' amended complaint would, if only barely, state a valid claim." *Id.* In no way did my earlier opinion sanction a complaint which merely recites the two paragraphs from plaintiffs' earlier memorandum. Rather, the descriptions of the cost and quality of the parties' documentaries was noted by me as a "type" of fact which could lead to the proper pleading of a "conscious parallelism" claim. Plaintiffs were granted leave to replead a second amended complaint only to allege *facts* providing the basis for a claim of conscious parallelism and which complied with Fed.R.Civ.P. 8(a)'s requirement that the pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiffs' new pleading is simply too confusing to comply with this requirement and puts defendants in the impossible position of having to guess which portions of plaintiffs' first amended complaint apply to their conscious parallelism claim. The plaintiffs' complaint must therefore be dismissed.

In enforcing the Federal Rules of Civil Procedure it is common for courts to permit parties to replead in order to rectify any errors. *See, e.g., Karlinsky v. New York Racing Ass'n, Inc.,* 310 F.Supp. 937 (S.D.N.Y.1970). Indeed, Rule 15(a) requires that leave to replead shall be freely given absent undue delay, bad faith, futility of the amendment and resulting prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, evidence of bad faith and prejudice to the defendants exists. Plaintiffs amended their complaint once already. That amendment was a "hopeless jumble of claims and theories of recovery." After receiving leave to replead one specific claim, plaintiffs have presented for no legitimate reason a document that is unclear and vaguely incorporates a dismissed complaint. I do not believe plaintiffs should be granted a third opportunity to waste the time of this court or that of the defendants in an apparent attempt to conduct discovery and perhaps to extract a favorable settlement. The liberal rules of pleading in the federal system are not without limits. Plaintiffs' unwillingness to state concisely its claim for conscious parallelism steps beyond those limits and accordingly the claim is dismissed with prejudice.

SO ORDERED.