697 F.2d 495
 1982-83 Trade Cases 65,153
 Joel LEVITCH, et al., Plaintiffs-Appellants,
v.
COLUMBIA BROADCASTING SYSTEM, INC., National Broadcasting
Company, Inc., American Broadcasting Companies,
Inc., WCBS-TV, WNBC-TV, WABC-TV,
Defendants-Appellees.
 No. 294, Docket 82-7452.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 15, 1982.
Decided Jan. 12, 1983.
 
 Jules Lobel, New York City (Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., Eric M. Lieberman, Ann-Miriam Hart, New York City, of counsel), for plaintiffs-appellants.
 Robert S. Rifkind, New York City (Cravath, Swaine & Moore, Stuart W. Gold, Louis M. Solomon, New York City, for CBS, Inc.; Floyd Abrams, I. Dean Ringel, Richard C. Hsia, Cahill Gordon & Reindel, New York City, for Nat. Broadcasting Co., Inc.; Philip R. Forlenza, Katharine A. Rundle, Hawkins, Delafield & Wood, New York City, for American Broadcasting Companies, Inc., of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, and TIMBERS and NEWMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from the dismissal of appellants' antitrust claims against appellees by Kevin Thomas Duffy, J., of the United States District Court for the Southern District of New York. Appellants are independent producers, writers and directors of films and video programs on public affairs; appellees are the three major commercial television networks and their owned-and-operated television stations in New York City. According to the first amended complaint, despite appellants' impressive credentials, virtually none of their films has ever been broadcast on network television. This is allegedly the result of appellees' violations of various antitrust statutes and constitutional provisions. In July 1980, before discovery began, Judge Duffy dismissed the first amended complaint with leave to replead a claim of interdependent conscious parallelism. Appellants' subsequent amendment to the complaint was also eventually dismissed in May 1982, 94 F.R.D. 292. Judge Duffy found that both the first amended complaint and the amendment failed to allege sufficient facts to state a cause of action.
 
 
 2
 Appellants appeal the dismissal of only two of their many claims: (1) the allegation that each network has violated section 1 of the Sherman Act, 15 U.S.C. Sec. 1, by engaging in a combination with its owned-and-operated and affiliated stations in restraint of trade, and (2) the allegation that each network has monopolized or has attempted to monopolize the relevant market for documentaries in violation of section 2 of the Sherman Act, 15 U.S.C. Sec. 2. Appellants seek triple damages of $78 million against each network and, inter alia, an injunction restricting or prohibiting the networks' in-house production of documentaries or prohibiting them from refusing to purchase from appellants as a matter of policy.
 
 
 3
 Section 1. Appellants admit that the affiliation agreements do not obligate an affiliated station to buy its network's documentaries in preference to those of appellants or of the other networks. Their section 1 claim is not that the agreements themselves are illegal. Rather, they allege that given the economic structure of the industry imposed by the affiliation agreements, each network's unilateral decision to produce all documentaries in-house rather than purchasing some or all from independents like appellants means that as a practical matter, appellants cannot put their films before a national audience. Thus, two activities that individually do not violate the antitrust laws--network affiliation and in-house production of documentaries--are alleged to violate section 1 because their combined effect is to exclude appellants from the market they wish to reach.
 
 
 4
 Section 2.. The section 2 claim depends upon the definition of the market that appellees are alleged to monopolize. While acknowledging that the networks are in vigorous competition for the attention of television viewers, appellants contend that for purposes of this complaint, each network and its affiliated stations constitute a market unto themselves, with the network as the seller and the affiliates as the buyers of programs. Appellants claim that even though the affiliates are not forbidden by contract to purchase programs from independents or other networks, they rarely or never do so, and that each network therefore completely controls the market for documentaries aired on its affiliated stations. Thus, the networks' refusal as a matter of policy to purchase appellants' programs allegedly constitutes the illegal exercise of, or attempt to exercise, monopoly power over the relevant market in violation of section 2.
 
 
 5
 In dismissing the complaint, Judge Duffy wrote a thorough opinion, reported at 495 F.Supp. 649 (S.D.N.Y.1980), which analyzed appellants' claims and concluded that appellants had failed to state a cause of action under the Sherman Act. We affirm the dismissal of the complaint substantially for the reasons stated by Judge Duffy in his detailed discussion of the above claims in his opinion.