747 F.2d 1195
 40 Fed.R.Serv.2d 526, Fed. Sec. L. Rep. P 91,830
 SHELTER MUTUAL INSURANCE COMPANY, a Missouri corporation,
Traders Bank of Kansas City, a Missouri Banking corporation,
v.
PUBLIC WATER SUPPLY DISTRICT NO. 7 OF JEFFERSON COUNTY,
MISSOURI, a Missouri Public corporation, et al., Appellees,
and
Grandview Bank and Trust Company, Appellant.
 No. 83-2642.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1984.
Decided Nov. 5, 1984.
 
 Rodger J. Walsh, Kansas City, Mo., for appellant.
 Terrance J. Good, St. Louis, Mo., for appellee.
 Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, McMILLIAN, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Grandview Bank & Trust (Grandview) appeals from an order of the district court for the Eastern District of Missouri dismissing Grandview's alleged counterclaim against Public Water Supply District No. 7 (District No. 7) for want of federal jurisdiction.[1] We affirm.
 
 Facts
 
 2
 Shelter Mutual Insurance Company (Shelter) filed suit against District No. 7 and several categories of brokers, lawyers, and accountants. Shelter is one of three holders of bonds issued by District No. 7 in 1972. The bonds were declared in default after a September 1980 interest payment was not made. Shelter sought to recover damages, alleging both violations of the Securities and Exchange Act of 1934, ch. 404, title I, Sec. 1, 48 Stat. 881 (codified as amended in scattered sections of 15 U.S.C. (1982)), and common law fraud. District No. 7 counterclaimed against Shelter and joined the other bondholders, Traders Bank of Kansas City (Traders) and Grandview, under Fed.R.Civ.P. 13(h), 19(a).[2]
 
 
 3
 Shelter's complaint was thirty-five pages long; District No. 7's answer with cross-claims and counterclaims comprised forty-eight pages. Grandview's answer was one page.[3]
 
 
 4
 After discovery, the defendants and plaintiffs moved for summary judgment. In June of 1983, the district court granted various counts of the defendants' motions, and further dismissed with prejudice the pendant state claims. See Shelter Mut. Ins. Co. v. Public Water Supply District No. 7, 569 F.Supp. 310 (E.D.Mo.1983). Plaintiffs filed an appeal to this court, but while the appeal was pending the parties reached a settlement. Grandview was neither named nor involved in either the motions for summary judgment or the settlement. In November of 1983, District No. 7 moved to dismiss its counterclaim against Grandview. District No. 7 also requested that Grandview's claims against it be dismissed. The district court granted the motions of District No. 7 and dismissed all claims without prejudice. The court based its dismissal of Grandview's claims on two alternative grounds: that no independent federal jurisdiction existed[4] and that Grandview's answer failed to plead adequately a claim for affirmative relief. Grandview filed this appeal.
 
 Discussion
 
 5
 Grandview argues that the district court erred in dismissing its claims against District No. 7 and the other defendants.[5] Although we recognize that Fed.R.Civ.P. 8(f) requires the courts to construe pleadings so as to do substantial justice, see Quality Mercury, Inc. v. Ford Motor Co., 542 F.2d 466 (8th Cir.1976), we also recognize that pleadings under the Federal Rules of Civil Procedure are designed to give the opposing party fair notice of the claim asserted. See Oglala Sioux Tribe of Indians v. Andrus, 603 F.2d 707, 714 (8th Cir.1979); Fed.R.Civ.P. 8(a); 2A J. Moore, Moore's Federal Practice p 8.13, at 8-103 (1984).
 
 
 6
 Grandview's failure to allege federal jurisdiction over its affirmative claims was a proper ground for the court's dismissal without prejudice. See Fed.R.Civ.P. 8(a)(1). Although a separate statement alleging jurisdiction is not necessary to support a compulsory counterclaim, a permissive counterclaim does require a basis of jurisdiction independent from that supporting the main claim. See Rosenthal v. Fowler, 12 F.R.D. 388, 390-92 (S.D.N.Y.1952); Fed.R.Civ.P. 13(a), 13(b). Because Grandview did not plead its counterclaim clearly, it is impossible to determine which, if any, of its claims are compulsory and which, if any, are permissible. See Clark v. National Travelers Life Insurance Co., 518 F.2d 1167, 1169 (6th Cir.1975) ("[T]here is no 'duty [on the part] of the * * * appellate court to create a claim which appellant has not spelled out in his pleading,' * * *.") (quoting Case v. State Farm Mutual Automobile Insurance Co., 294 F.2d 676, 678 (5th Cir.1961)). If a counterclaim is to be asserted, it should be designated and pleaded as such. Steinhardt Novelty Co. v. Arkay Infants Wear, Inc., 10 F.R.D. 321 (E.D.N.Y.1950); see also Fed.R.Civ.P. 7(a); Fed.R.Civ.P. 13(a), 13(b).
 
 
 7
 Grandview's pleading was also defective in failing to state adequately a claim for relief. Grandview's attempt to incorporate Shelter's thirty-six pages of allegations against District No. 7 and the other defendants failed to give either District No. 7 or the court fair notice of Grandview's claims. If Grandview was making a claim of commonlaw fraud against District No. 7, it failed to satisfy the Fed.R.Civ.P. 9(b) requirement that the circumstances constituting fraud be stated with particularity. See Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir.1982), reh'g, 710 F.2d 1361 (8th Cir.1983), cert. denied sub nom. Prudential Insurance Co. v. Bennett, --- U.S. ----, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). District No. 7 could not have filed an intelligent response to Grandview's answer. A pleading incorporating allegations from other documents must clarify which statements are to be incorporated. See Levitch v. Columbia Broadcasting System, Inc., 94 F.R.D. 292 (S.D.N.Y.1982), aff'd 697 F.2d 495 (2d Cir.1983). Further, an exhibit incorporated into a pleading must be attached. See Fed.R.Civ.P. 10(c). We disapprove of Grandview's attempt to adopt by reference Shelter's lengthy complaint.
 
 
 8
 The rule of liberality afforded pleadings in the federal courts does not save Grandview's answer. The Federal Rules of Civil Procedure envision a system in which concise, direct, and clear statements afford each party fair notice of the other's claims. The district court's dismissal without prejudice was not an unjust disposal of Grandview's claims. Grandview could have pursued its action by moving the district court for leave to amend its alleged claim[6] or, assuming no statutory time bar, Grandview could have proceeded in another forum.
 
 
 9
 The district court is hereby affirmed.
 
 
 
 [1]
 The district court alternatively dismissed Grandview's counterclaims as pleaded inadequately
 
 
 [2]
 District No. 7 sought a declaratory judgment that the bonds were invalid. District No. 7 also cross-claimed against the defendant lawyers, brokers, and accountants
 
 
 [3]
 District No. 7 moved to strike the affirmative claims in Grandview's answer. The district court never ruled on the motion
 Although short pleadings are encouraged, a pleader must ensure that his or her statement of the claim plainly shows he or she is entitled to relief. See Fed.R.Civ.P. 8(a)(2). Grandview's answer facially violated the "plain statement" requirement. The pleading read simply:
 Comes now the Counterclaim Defendant Grandview Bank and Trust Company and for its Answer to Defendant Counterclaimant Public Water Supply District No. 7 of Jefferson County, Missouri states:
 
 
 [1]
 That it denies each and every allegation contained in the Counterclaim of Public Water Supply District No. 7 against the Grandview Bank and Trust Company
 
 
 [2]
 That the Grandview Bank and Trust Company is the holder in due course of the bonds described in the Plaintiff's Complaint and incorporates by reference the allegations of the Plaintiff against the Defendants in this Answer
 
 
 [3]
 That the Grandview Bank is the holder in due course of $175,000.00 of the above-described bonds and that they are in default
 WHEREFORE, Counterclaim Defendant Grandview Bank and Trust Company prays that the Defendant Counterclaimant Public Water Supply District No. 7 of Jefferson County, Missouri's Counterclaim be dismissed against Grandview Bank and Trust Company and that the Grandview Bank and Trust Company have judgment against the Defendants in the amount of $175,000.00.
 
 
 [4]
 District No. 7 and Grandview are both domiciled in Missouri
 
 
 [5]
 Grandview argues that the district court erred "in granting summary judgment against Grandview's claim * * *." As shown by the record, however, the district court did not grant summary judgment against Grandview. The counterclaims were dismissed without prejudice
 
 
 [6]
 Cf. Wolgin v. Simon, 722 F.2d 389, 394 (8th Cir.1983) (stating that the Fed.R.Civ.P. 15(a) mandate that leave to amend a complaint shall be granted freely must be heeded by the federal courts but requiring that a proposed amendment be submitted with the written motion for leave to amend)