# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2010

No. 09-20493

Lyle W. Cayce
Clerk

MATHAI MUTTATHOTTIL

Plaintiff - Appellant

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs, Department
of Veterans Affairs

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3797

Before JOLLY and GARZA, Circuit Judges, and MILLER, District Judge[*].

PER CURIAM:[**]

Mathai Muttathottil appeals the district court's grant of summary
judgment in favor of Gordon H. Mansfield, Acting Secretary of Veterans Affairs
in the Department of Veterans Affairs (the "VA"), dismissing his retaliation
claim brought under Title VII, 42 U.S.C. § 2000e-3(a). For the following reasons,
we AFFIRM.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20493

**I**

Muttathottil has been employed by the VA since 1984 as a medical technologist. He previously filed three Equal Employment Opportunity ("EEO") complaints, but subsequently withdrew all of the charges. Three years after his last filing of an EEO complaint, Muttathottil began having problems at work with a co-worker known as "JT." Muttathottil and JT had previously been close friends, but a quarrel between their families created a rift between the two men.

Muttathottil verbally complained on several occasions to Margaret Wooten, his supervisor, about JT's use of company phones to conduct personal calls. Apprised of these complaints, JT responded by twice complaining to Wooten that Muttathottil suffered from uncontrolled rage at work. Muttathottil reacted by filing a written complaint against JT, alleging that JT interrupted Muttathottil's work by "rushing towards" him. Pending investigation of the complaint, Muttathottil was moved to a different shift and instructed to avoid contact with JT.

After Muttathottil filed the last complaint, Wooten met with him and his union representative. At the meeting, Wooten requested that Muttathottil withdraw his written complaint and commented, "You filed too many EEO complaints." After the meeting, Wooten issued written counseling memoranda to both Muttathottil and JT, Muttathottil was returned to his original shift, and no further action was taken. As the counseling letters were not considered to be formal discipline, they were not placed in the employees' permanent personnel files.

Approximately six months later, Muttathottil filed another EEO complaint, asserting seven different bases for discrimination: race, age, color, sex, national origin, disability, and reprisal for prior EEO activity. After an administrative judge investigated and dismissed his complaint, Muttathottil filed suit alleging retaliation under Title VII based on Wooten's statement

regarding his prior filing of EEO complaints. Muttathottil's complaint purported to "allege[ ] all of the retaliation claims that are referred to in the Administrative Judge's decision." However, the magistrate judge found that Muttathottil had properly pled only the single Title VII retaliation count and declined to address any of the other alleged grounds for relief in his report and recommendation, which advised granting the VA's summary judgment motion. Adopting the magistrate judge's report and recommendation in full, the district court granted summary judgment for the VA on the single count of retaliation based on Muttathottil's filing of EEO complaints.

## II

We review a district court's grant of summary judgment *de novo. Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). "Summary judgment is proper when the pleadings and evidence demonstrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* (citation omitted). When reviewing a grant of summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## III

Muttathottil argues that the district court erred in failing to address claims presented to the Administrative Judge but not specifically pled in his complaint except by reference to the Administrative Judge's decision. Muttathottil contends there was no pleading deficiency, and even if there were, the district court should have granted Muttathottil leave to amend his complaint rather than dismissing the improperly pled claims outright. We discuss each of these arguments in turn.

No. 09-20493

**A**

Muttathottil's complaint plainly states that he seeks relief for retaliation based on filing of EEO complaints. However, paragraph 25 of Muttathottil's complaint notes: "In addition, Plaintiff hereby alleges all of the retaliation claims that are referred to in the Administrative Judge's decision." Neither this decision nor the referenced claims were attached to the complaint, and consequently, the district court found them not to be part of the complaint, pursuant to FED. R. CIV. P. 10(c) and *Shelter Mutual Insurance Co. v. Public Water Supply District No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984) ("A pleading incorporating allegations from other documents must clarify which statements are to be incorporated."). However, the VA attached the Administrative Judge's decision as Exhibit 2 of its motion for summary judgment. Muttathottil contends that the permissive nature of Rule 10(c) does not require a plaintiff "to attach to her complaint documents upon which her action is based," and that instead "a defendant may introduce certain pertinent documents if the plaintiff failed to do so." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Thus, Muttathottil argues that the VA's inclusion of the Administrative Judge's opinion cures any deficiencies in his complaint.

Rule 10(c) states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." This court has acknowledged that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, while Rule 10(c) "permits references to pleadings and exhibits in the same case, . . . there is no rule permitting the adoption of a cross-claim in a *separate action in a different court* by mere reference." *Tex. Water Supply Corp.*

*v. Reconstr. Fin. Corp.*, 204 F.2d 190, 196 (5th Cir. 1953) (emphasis added). The administrative decision to which Muttathottil refers is a separate action heard before a different court, and therefore could not be pled by mere reference to the decision in its entirety.

Of course, this case differs from *Texas Water Supply* in that the VA was aware of the claims to which Muttathottil referred, and even litigated as if these claims were properly stated in the complaint. However, the *Texas Water Supply* court noted that "[t]he 'notice' theory of pleading cannot strike from Rule 8(a) . . . the plain and definite requirement that 'A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)); *see also Shelter Mut. Ins.*, 747 F.2d at 1198 (disapproving of a party's attempt to incorporate by reference a "lengthy" document incorporating "thirty-six pages of allegations" and noting that "[a] pleading incorporating allegations from other documents must clarify which statements are to be incorporated"). In other words, mere reference to a sixty-five-page administrative decision in which Muttathottil's additional claims are purportedly described is insufficient to meet Rule 8's pleading requirements.

Thus, while the VA may have been on notice regarding the claims that Muttathottil seeks to incorporate, Muttathottil did not plead those claims within the four corners of his complaint, and the district court did not err in declining to address those claims in its summary judgment decision.

**B**

Muttathottil contends in the alternative that he should have been given leave to amend his complaint rather than have his complaint dismissed outright. FED. R. CIV. P. 15(a)(2) provides that "[a] court should freely give leave" to amend pleadings "when justice so requires," but the decision to grant or deny leave to

amend a complaint lies within the discretion of the district court. *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994). In making this decision, a court may consider:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Id.* (quoting *Foman v. Davis*, 371 U.S. 179 (1962)).

In the instant matter, we have the unique situation wherein the VA believed the claims Muttathottil sought to incorporate from the EEO decision were properly pled in the complaint. Consequently, the record on these issues has been sufficiently developed for us to determine that none of these additional claims has merit. Because amendment of his complaint would have been futile, the district court did not err in declining to grant Muttathottil leave to amend his complaint to include these other claims. *See Halbert v. City of Sherman*, 33 F.3d 526, 530 (5th Cir. 1994) (concluding that remand to consider plaintiff's additional claims would be "a waste of judicial resources" when the record demonstrated that the claims would "fail as a matter of law").

## IV

Muttathottil argues that the district court erred in granting summary judgment against him on the merits of the retaliation claim pled in his complaint. Title VII's anti-retaliation clause forbids employer actions that discriminate against an employee because he has opposed an impermissible practice under Title VII or has participated in a Title VII proceeding. 42 U.S.C. § 2000e-3(a). "A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

In *Burlington Northern & Santa Fe Railway. Co. v. White*, 548 U.S. 53, 67 (2006), the Supreme Court noted that Title VII's "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." The Supreme Court further noted that "material adversity" is distinct from "trivial harms." *Id.* at 68. A materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.*

Muttathottil points to Wooten's statement that Muttathottil "filed too many EEO complaints" as a valid basis for the VA to be liable to him for retaliation. Muttathottil contends this statement might dissuade a worker from making future complaints, as the worker would be under the impression that Wooten would not take these claims seriously. However, Muttathottil is presuming that Wooten's statement of opinion is, in and of itself, a retaliatory action. This interpretation of *Burlington Northern* is overbroad and would permit mere expressions of opinion by employers, without any subsequent retaliatory act, to form the basis for a retaliation cause of action, running the risk of intruding on the First Amendment's freedom-of-speech guarantees.

The doctrine of constitutional avoidance instructs a court to avoid statutory interpretations that create constitutional difficulty when a reasonable alternative is available. *See Clark v. Suarez Martinez*, 543 U.S. 371, 381–82 (2005). Thus, in the instant matter, we interpret § 704(a) to prohibit threatened or actual retaliatory *action*, not mere speech. *See Holloway v. Dep't of Veterans Affairs*, 309 F. App'x 816, 819 (5th Cir. 2009) (finding that a supervisor's criticism of an employee's EEO complaints did not constitute such material adversity as to dissuade a reasonable worker from making a discrimination charge). Here, both Muttathottil and JT were warned against future disruptive or unprofessional behavior in the workplace; Muttathottil was not singled out. Wooten made no express threat of reprisal for Muttathottil's EEO activity, and

he suffered no job loss, suspension, salary reduction, reduction of job duties, or any other form of discipline by Wooten. Indeed, Muttathottil himself was undeterred by Wooten's comment: a few months later he filed an EEO complaint alleging seven distinct forms of discrimination, an act which had no repercussions on his employment status. Consequently, Muttathottil has not shown that he has suffered from an adverse employment action,[1] and therefore has not articulated a prima facie case of retaliation.

## V

For the foregoing reasons, we AFFIRM.

---

[1] Muttathottil contends that the Administrative Judge's finding that a number of Wooten's actions presented actionable, adverse actions under *Burlington Northern* is admissible in this case, citing *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976). However, that the Administrative Judge's opinion was admissible does not require the district court to be bound by it. Thus, the district court did not err in failing to give preclusive weight to the Administrative Judge's findings regarding Wooten's alleged retaliatory actions.