# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

No. 13-60028
Summary Calendar

LA TIDTUS JONES,

Plaintiff-Appellant

v.

THE CITY OF ROSEDALE,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CV-32

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

La Tidtus Jones, Mississippi prisoner # 162333, appeals the dismissal, as frivolous, of his 42 U.S.C. § 1983 action against numerous defendants arising from police actions during an apparent domestic hostage situation and stand-off. The district court construed Jones's complaint as alleging excessive force during his arrest, unlawful entry into his home, unlawful arrest, racial discrimination, denial of medical care, and denial of reasonable bail.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60028

Jones has moved to supplement the record with a recording of the hearing conducted by the district court under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The motion is GRANTED.

Nonetheless, in this court, Jones offers only two unsupported assertions of unlawful entry and denial of medical care. These conclusional assertions do not establish a constitutional violation. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Jones also offers a lengthy recitation of general and familiar legal principles. But he does not attempt to apply these legal principles, even conclusionally, to the particular facts or defendants of his case or to the district court's grounds for dismissing his action. He has thus waived the issues relevant to his appeal by failing to brief them. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that the "recitation of familiar rules . . . without even the slightest identification of any error" is the same as if the plaintiff has not appealed the judgment). His appeal is DISMISSED AS FRIVOLOUS.

Because this appeal is frivolous, it counts as a strike under 28 U.S.C. § 1915(g), just as the dismissal of the underlying action did. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Jones is warned that if he accumulates one more strike by bringing another frivolous action or appeal he will not be allowed to proceed in forma pauperis in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).