La Tidtus JONES, Plaintiff–Appellant

v.

Marily L. KELLY, Clerk; Bolivar County Circuit Clerk's Office; Loretta Jones, Deputy Clerk; Bolivar County Sheriff Department; Machial Thompson, Deputy Sheriff; Will Hooker, Bolivar County Administrator; Bolivar County Board of Supervisors; Eddie

Andrew Williams; Donny Whitten; James McBride; Richard Coleman, Sr.; Pete Roncalt, Defendants–Appellees.

No. 14–60633.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 2015.

La Tidtus Jones, Walnut Grove, MS, pro se.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

La Tidtus Jones, Mississippi prisoner # 162333, moves for leave to appeal in forma pauperis (IFP) following the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. Jones asserted several constitutional violations after he was allegedly barred from visiting the clerk of court's office where his girlfriend worked.

By moving to appeal IFP, Jones challenges the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). His IFP request therefore "must be directed solely to the trial court's reasons for the certification decision," *id.,* and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (citation omitted). We may dismiss the appeal "when it is apparent that

an appeal would be meritless." *Baugh,* 117 F.3d at 202 & n. 24; *see* 5TH CIR. R. 42.2.

We review de novo the district court's dismissal for failure to state a claim. *See Beavers v. Metropolitan Life Ins. Co.,* 566 F.3d 436, 439 (5th Cir.2009); FED. R. CIV. P. 12(b)(6). The dismissal was proper if "it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). Although factual allegations are viewed in the light most favorable to the plaintiff, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers,* 566 F.3d at 439 (internal quotation marks and citation omitted). In this case, we are not limited to those allegations as Jones attached to his complaint the transcript of an administrative hearing that was held on his girlfriend's claim for unemployment benefits after the clerk of court terminated her. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004).

Jones argues only in general and conclusional terms that the defendants' actions were illegal. He does not challenge the dismissal of the defendants who were released because they could not be held liable under a respondeat superior theory of liability. *Cf. Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (noting that there is no respondeat superior liability under § 1983). Jones abandons any such challenge by failing to brief it. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir. 1993).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding his equal protection claim, Jones merely asserts that a white probationer was allowed into the court house. Jones fails to allege facts showing that the anonymous white person was similarly situated to Jones such as also being the subject of complaints for lingering in the clerks' office and having a personal relationship with a court employee. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 227 (5th Cir.2012). Jones's bare conclusion does not state a constitutional claim. *See Beavers*, 566 F.3d at 439.

Jones does not dispute that the Constitution permits a state "to control the use of its own property for its own lawful nondiscriminatory purpose." *Adderley v. State of Fla.*, 385 U.S. 39, 48, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966). Instead, he makes a procedural due process claim by asserting that he was banned without a prior warning or an opportunity to contest the ban. However, his own pleadings show that he was told to stay away more than once and that he was able to take informal, though unsuccessful, steps to contest the ban. Again, Jones's bare assertions provide no nonfrivolous ground for appeal. *See Beavers*, 566 F.3d at 439. The IFP motion is denied as to the foregoing claims, and they are dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.

Concerning his claim that he was denied access to the court, Jones presents an issue that is arguably made in good faith and thus is not facially frivolous. We therefore grant IFP on that issue only. We nonetheless conclude that Jones fails to satisfy the pleading standard for this claim.

To state a claim of the denial of access to the courts, Jones must "identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830–31 (5th Cir.2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 417, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)). Jones's assertion that he was denied an opportunity to defend a civil action against him or to pursue an action regarding his mother's death fails to identify his predicate claims with the required specificity. *See Harbury*, 536 U.S. at 418, 122 S.Ct. 2179. He provides no information about the claims at issue in those cases or any damages awarded against him or remedies that he was unable to obtain. At a more fundamental level, Jones does not allege or explain how any defendant actually prevented him from taking any particular legal action, such as filing a lawsuit or pleading.

Jones also contends that he should have been allowed to amend his complaint before it was dismissed. Jones was afforded a *Spears*[1] hearing so that he could elaborate on his complaint. Because his proposed amendments merely stated or repeated more bare or immaterial assertions, any amendment would have been futile. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003).

The district court imposed a strike under 28 U.S.C. § 1915(g) because Jones failed to state a claim under § 1915(e)(2)(B)(i). The dismissal of frivolous claims in this appeal also counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir.1996); *see also Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir.1998) (imposing a strike even though not all claims were explicitly dismissed as frivolous). Jones has at least two previous strikes. *See Jones v. City of Rosedale*, 548 Fed.Appx.

---

1. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

284, 285 (5th Cir.2013). Jones now has more than three strikes and is hereby BARRED from proceeding IFP in any civil action while he is incarcerated or detained, unless he is in imminent danger of serious physical injury. *See* § 1915(g).

IFP GRANTED IN PART; JUDGMENT AFFIRMED IN PART and APPEAL DISMISSED IN PART; § 1915(g) SANCTION IMPOSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under