# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60740
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

LA TIDTUS JONES,

Plaintiff-Appellant

v.

JAMES MOORE, Warden; LIEUTENANT STANDLEY DOUGLAS; OCTAVIOUS HARRIS; ERIC BRIDGETT; BOLIVAR COUNTY REGIONAL CORRECTIONAL FACILITY; BOLIVAR COUNTY SHERIFF'S DEPARTMENT; SHERIFF KALVIN WILLIAMS; WALTER GRANT; RANDY BRASSFIELD; BRANDON CLEMMONS; BOLIVAR BOARD OF SUPERVISORS; EDDIE ANDREW WILLIAMS, III; DONNY WHITTEN; JAMES MCBRIDE; RICHARD COLEMAN, SR.; PETE RONCALT; BOLIVAR COUNTY ADMINISTRATOR; WILL HOOKER, County Administrator; ANDERSON JOHNSON,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:12-CV-151

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

La Tidtus Jones appeals the summary judgment that dismissed his 42 U.S.C. § 1983 action against numerous defendants arising from a use-of-force

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incident at the Bolivar County Regional Correctional Facility.  We review the district court's summary-judgment dismissal de novo, under the same standards used by the district court.  *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).  "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*; *see* FED. R. CIV. P. 56(a).  To defeat summary judgment, Jones may not rest on mere allegations but must point to specific facts and explain how they show a genuine issue for trial.  *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *see* Fed, R. Civ. P. 56(c)(1).  More generally, the mere mention of a claim does not amount to adequate briefing and does not preserve the issue for appellate review.  *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *see Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Likewise, conclusional assertions do not state a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

Jones has failed to allege facts to establish any basis for § 1983 liability with regard to the defendants who were not directly involved in the use-of-force incident.  *See Brinkmann*, 813 F.2d at 748.  Section 1983 does not impose respondeat superior or vicarious liability.  *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006).

The remaining defendants, Douglas, Harris, Bridgett, Grant, Brassfield, and Clemmons (collectively, the Jail Defendants), asserted a defense of qualified immunity.  We review de novo the issue of qualified immunity.  *See Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011).  To defeat qualified immunity, Jones must show a violation of a right that was clearly established at the time of the incident and that, in light of that clearly established law, the defendants' conduct was objectively unreasonable.  *Id.*  The fundamental issue is "whether

force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (internal quotation marks and citation omitted).

Jones merely repeats his general allegations that the Jail Defendants used excessive force and caused him severe pain and injuries. He says he was not resisting when he was tasered and hit in the ribs with a flashlight. But he testified otherwise at his deposition. Jones also contends that the district court misapplied *Hudson*, which held that force may be excessive even if a prisoner has not suffered "serious injury." *See Hudson*, 503 U.S. at 4. However, the district applied the correct *Hudson* standard before concluding that Jones's injury "was de minimis." Further, the medical evidence was consistent with the defendants' accounts of the incident, and it refuted Jones's assertions that he suffered the severe injuries he alleged. Jones has failed to overcome the defense of qualified immunity because he has failed to show that the Jail Defendants unreasonably violated clearly established law. *See Short*, 662 F.3d at 325.

The judgment of the district court dismissing all claims against all defendants is AFFIRMED.

The district court imposed a strike on Jones under 28 U.S.C. § 1915(g). While the instant appeal was pending, our court imposed the three-strikes bar of § 1915(g) on Jones for making other frivolous claims. *See Jones v. Kelly*, 611 F. App'x 229, 231-32 (5th Cir. 2015). We therefore remind Jones that he is BARRED from proceeding in forma pauperis in any civil action while he is incarcerated or detained, unless he is in imminent danger of serious physical injury. *See* § 1915(g).