# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2021

Lyle W. Cayce
Clerk

No. 20-50406

BILLY L. SPEARS,

*Plaintiff—Appellant*,

*versus*

STEVEN MCCRAW; DAVID BAKER; JACK WEBSTER; MICHAEL BRADBERRY; AUDRA LIVINGSTON; STEPHEN P. MACH; MANNY FLORES; A. CYNTHIA LEON, ALSO KNOWN AS "CINDY"; JASON K. PULLIAM; RANDY WATSON; FAITH JOHNSON; LUIS GONZALEZ; RHONDA FLEMING; LUIS SANCHEZ; K. B. WILKIE; BRANDON NEGRI; JIMMY JACKSON; MARCUS STOKKE; MICHAEL SPARKS; WILLIE DRABBLE,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-1105

Before HIGGINBOTHAM, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

No. 20-50406

Per Curiam:[*]

Texas Department of Public Safety (DPS) Highway Patrol trooper Billy Spears appeals the dismissal of his 42 U.S.C. § 1983 claims against over a dozen different state officials. We affirm.

**I**

In April 2015, Spears brought several claims under § 1983 and the Texas Whistleblower Act against DPS, several DPS officials and one Texas Alcoholic Beverage Commission (TABC) officer for events related to two different disciplinary actions against him at work.[1] While that case was ongoing, Spears encountered another problem at DPS. In May 2016, he requested a medical waiver for the department's semi-annual physical fitness test (PFT) due to a knee injury. Shortly after making the request, he was placed on medical leave and underwent knee surgery, returning to work in December 2016. In September 2017, while the defendants' motion for summary judgment was pending in *Spears I*, Spears was served with a performance improvement plan (PIP) for failing to complete the PFT while on leave. Only after receiving the PIP did Spears realize his medical wavier had been denied.

In response to the denial of his waiver and subsequent PIP, Spears sued nineteen state officials, including the ten named in *Spears I*, alleging various violations of his constitutional rights. First, he claimed that Defendants violated his First Amendment rights by denying his waiver and placing him on a PIP in retaliation for filing *Spears I*. Next, he alleged that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] *See Spears v. McCraw*, No. 1:15-CV-511-RP, 2018 WL 1463711 (W.D. Tex. Mar. 23, 2018) (*Spears I*).

No. 20-50406

Defendants placed him on the PIP without due process. Third, he claimed that Defendants interfered with his right to access the courts by attempting to "cover up" their alleged retaliatory conduct. Finally, he asserted that Defendants conspired to violate his civil rights or failed to supervise those that did.[2] Defendants moved to dismiss Spears's claims under Rule 12(b)(6), asserting qualified immunity. The district court granted Defendants' motions, dismissing each of Spears's claims. Spears appeals.

## II

This Court reviews dismissals under Rule 12(b)(6) de novo, accepting "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[3] To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."[4] A plausible complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[5] To plausibly state a claim against an official entitled to assert the defense of qualified immunity, a plaintiff must show: "(1) that the official violated a

---

[2] To support his claims, Spears's complaint sought to incorporate by reference his complaint from *Spears I* as well as a complaint from a separate action brought by another DPS employee. The district court declined to consider the substance of these pleadings, concluding that Spears's indiscriminate incorporation of two additional complaints in their entirety violated Federal Rule of Civil Procedure 8(a)(2)'s mandate that he provide a "short and plain statement" of his claims. We see no error in that ruling. *See Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 299–300 (5th Cir. 2013); *Muttathottil v. Gordon H. Mansfield*, 381 F. App'x 454, 456–57 (5th Cir. 2010) (unpublished) (per curiam).

[3] *Martin K. Eby Const. Co., Inc. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks and citation omitted).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."[6]

## A

Spears first challenges the district court's dismissal of his First Amendment retaliation claim. To state a First Amendment retaliation claim, Spears must allege facts demonstrating that: (1) he suffered an adverse employment action; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct.[7]

Spears falters at the first step of this analysis. This Court has recognized that "discharges, demotions, refusals to hire, refusals to promote, and reprimands" amount to actionable retaliatory conduct for a First Amendment claim.[8] Spears suggests that his placement on a PIP is actionable as an "implicit reprimand," but we have made clear that only formal reprimands may constitute a First Amendment violation.[9]

Nevertheless, the district court concluded that Spears's PIP amounted to an adverse employment action under the less stringent "materially adverse" standard that governs Title VII retaliation claims. That standard requires only that the adverse decision be enough to "dissuade[] a

---

[6] *Mayfield v. Currie*, 976 F.3d 482, 486 (5th Cir. 2020) (internal quotation marks and citation omitted).

[7] *See Culbertson v. Lykos*, 790 F.3d 608, 617 (5th Cir. 2015).

[8] *Juarez v. Aguilar*, 666 F.3d 325, 332 (5th Cir. 2011) (internal quotation marks and citation omitted).

[9] *See Colson v. Grohman*, 174 F.3d 498, 511–12 & n.7 (5th Cir. 1999).

No. 20-50406

reasonable worker" from engaging in protected conduct.[10] While it may be true that Spears's PIP satisfies the "materially adverse" standard, it is an open question in this Court whether that standard applies to claims of retaliation for protected speech.[11] Therefore, no clearly established law informed Defendants that placing Spears on a PIP would violate his constitutional rights.[12] Consequently, Spears's retaliation claim fails to overcome Defendants' qualified immunity, and we affirm the district court's dismissal.[13]

## B

Spears next challenges the dismissal of his procedural due process claim. To plead a violation of his due process rights, Spears must first establish that he was deprived of a protected interest before showing that the deprivation occurred without the protections to which he was entitled.[14]

"It is well-settled that certain public employment situations may endow an employee with a legally cognizable property interest."[15] As the source of his protected property interest, Spears points to section 411.007(e) of the Texas Government Code, which states that "[a]n officer or employee of [DPS] may not be discharged without just cause." Assuming this provision

---

[10] *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted).

[11] *See Johnson v. Halstead*, 916 F.3d 410, 422 n.5 (5th Cir. 2019) ("It is not clearly established whether *Burlington*'s 'materially adverse' standard applies to retaliation for protected speech.").

[12] *See id.*

[13] Although the district court dismissed Spears's retaliation claim on other grounds, we may affirm on any ground supported by the record and argued in the district court. *See Raj v. Louisiana State University*, 714 F.3d 322, 330 (5th Cir. 2013).

[14] *See McDonald v. City of Corinth*, 102 F.3d 152, 155 (5th Cir. 1996).

[15] *Muncy v. City of Dallas*, 335 F.3d 394, 398 (5th Cir. 2003).

No. 20-50406

of Texas law provides Spears with a protected property interest, at most, it guards against his *discharge* without due process, meaning that Spears's protected interest lies in his continued employment at DPS. Because Spears remains employed at DPS, he fails to demonstrate that he has been deprived of any protected interest. The district court did not err in dismissing this claim.

## C

Similarly, the district court properly dismissed Spears's denial-of-access claim.[16] To show a violation of his right to access the courts, Spears must "identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought."[17] Spears does not allege any facts demonstrating that Defendants prevented him from litigating his claims. His denial-of-access claim, therefore, fails.[18]

## D

Spears also challenges the dismissal of his failure-to-supervise claim. A supervisory official may be held liable under § 1983 if a plaintiff establishes that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and

---

[16] Spears confusingly casts this claim as arising out of the Equal Protection Clause, even though we have recognized that "a right of access to the courts . . . is founded in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, and the Fifth and Fourteenth Amendment Due Process Clauses." *See Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019).

[17] *See id.* at 602 (internal quotation marks and citation omitted).

[18] *See id.; see also Jones v. Kelly*, 611 F. App'x 229, 231 (5th Cir. 2015) (unpublished) (per curiam) (affirming the dismissal of plaintiff's denial-of-access claim where plaintiff failed to "allege or explain how any defendant actually prevented him from taking any particular legal action").

No. 20-50406

the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."[19] Beyond Spears's assertion in his complaint that certain defendants "failed to supervise the other [d]efendants who kept retaliating against [him]," Spears offers no well-pled facts indicating that any defendant failed to supervise or train subordinate officers or that such a failure caused a constitutional violation. The district court correctly dismissed this conclusory claim.[20]

## E

Finally, the district court did not err in dismissing Spears's conspiracy claim. Because Spears does not show a violation of his clearly established constitutional rights, his claim alleging a conspiracy to violate his rights necessarily fails.[21]

We affirm.

---

[19] *See Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (internal quotation marks and citation omitted).

[20] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (internal quotation marks and citation omitted)).

[21] *See Mowbray v. Cameron Cty.*, 274 F.3d 269, 279 (5th Cir. 2001).