■ Joyce Rabouin, Respondent, v Metropolitan Life Insurance Company, Appellant. Mark Quiello, Respondent, v Metropolitan Life Insurance Company, Appellant. [806 NYS2d 584]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered November 22, 2004, which granted plaintiffs' motion for class certification, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied, and the class decertified.

In order to obtain class certification, the burden is on plaintiff to satisfy the five prerequisites set forth in CPLR 901 (a):

"1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

"2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members;

"3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"4. the representative parties will fairly and adequately protect the interests of the class; and

"5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy." (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 53 [1999]; *Hazelhurst v Brita Prods. Co.*, 295 AD2d 240, 242 [2002].)

The determination of whether or not a matter qualifies as a class action, after a review of the statutory criteria as applied to the facts at hand, rests within the sound discretion of the motion court. Moreover, this Court is vested with the same discretionary power and may exercise that power, even in those instances where the motion court has not abused its discretion as a matter of law (*Small v Lorillard Tobacco Co.*, 94 NY2d at 52-53; *O'Connor v Papertsian*, 309 NY 465, 471 [1956], *Feder v Staten Is. Hosp.*, 304 AD2d 470, 471 [2003]).

In this matter, we find that although the issuance of dividends may well be governed by New York law, questions concerning the initial policies as to reliance, parol evidence regarding the parties' intentions, and the potential need for the examination of other documents for contract interpretation or amplification, would warrant the application of the law of other jurisdictions. These contract-related considerations, combined with the fact

that approximately 30% of the members of the prospective class live in jurisdictions with shorter statutes of limitations than exist in New York, militate against granting global class certification.

We also find that the proposed New York subclass, which seeks recovery under section 349 of the General Business Law, is also not entitled to class certification. A plaintiff, under section 349, must prove three elements: that the challenged act or practice was consumer-oriented; that it was misleading in a material way; and that the plaintiff suffered an injury as a result of the deceptive act (*Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). Here, the policies in questions were purchased prior to 1982, 10 years before the alleged deceptive practices. Accordingly, the issue of whether the alleged deceptive acts were misleading in a material way requires inquiry into both the nature of the initial solicitation, as well as the annual statements, and that such inquiry necessitates the resolution of individual issues, precluding class certification. Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.