# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40076

PAUL BEAVERS; EMILIO DELAO, JR; DAVID WILLIAM DARDEN;
HORTENCIA FLORES; NORMA LINDA HUERTA; JOHN KIVICH, JR;
ROBERT MERCHANT

Plaintiffs-Appellants

v.

METROPOLITAN LIFE INSURANCE CO.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, WIENER and BENAVIDES, Circuit Judges.

EDITH H. JONES, Chief Judge:

For many years, the appellants have owned life insurance policies that were intended also to serve as investment vehicles and provide regular dividends. In 2007, they sued as a putative class alleging that during the 1980s, Metropolitan Life Insurance ("MetLife") breached their investment contracts and deprived them of dividend income to which they were entitled. They now appeal the district court's dismissal of their complaint as barred by the statute of limitations. Because the district court correctly held that the discovery rule did not toll Texas's statute of limitations, we affirm.

## I. BACKGROUND

Appellants' participating life insurance policies were managed by MetLife's Personal Insurance line of business. Under these contracts, the policyholders were entitled to receive dividends paid by Personal Insurance from the surplus accruing on their policies. According to the complaint, during the 1980s, MetLife breached the insurance contract by impermissibly allocating surplus profits from Personal Insurance to other lines of business. The misallocations allegedly reduced the dividends the plaintiffs and the class received from 1984 to 2000.

In 1998, an action entitled *Rabouin v. Metropolitan Life Insurance Company* was commenced on these same facts in New York state court. In 2004, it was certified as a class action on behalf of a nationwide class. *See Rabouin v. Metro. Life Ins. Co.*, No. 111355/98, 2005 WL 3536441, at *5–6 (N .Y. Sup. Ct. Nov. 23, 2005) (describing the history of the litigation). In 2005, the trial court dismissed the plaintiffs' breach of contract claim against MetLife on statute of limitations grounds. *Id.* Shortly thereafter, a New York appellate court decertified the class, in part due to differing statutes of limitations among the states.[1] *Rabouin v . Metro. Life Ins. Co.*, 806 N.Y.S.2d 584 (N.Y. App. Div. 2006).

On May 7, 2007, Appellants filed this complaint for breach of contract by MetLife on behalf of a class of persons who owned affected policies.[2] MetLife moved to dismiss, asserting that Texas's four-year statute of limitations barred the breach of contract claim because the wrongful allocations alleged in the

---

[1] The trial court granted summary judgment on November 23, 2005. Without mentioning the grant of summary judgment, the appellate court reversed the order certifying the class on January 5, 2006.

[2] The plaintiffs sought to bring suit on behalf of "all persons who, before January 1, 1982, purchased one or more participating MetLife individual life or other participating policy within the Personal Insurance line of business that was in force at any time during the period January 1, 1985 to April 4, 2000."

complaint occurred in the 1980s alone and no grounds for tolling were applicable. The district court granted the motion to dismiss, prompting this appeal.

## II. STANDARD OF REVIEW

This court reviews *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). Any well-pled factual allegations must be viewed in the light most favorable to the plaintiffs, but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).

## III. ANALYSIS

In diversity jurisdiction, this court applies Texas substantive law, including the state statute of limitations and exceptions. *Guaranty Trust Co. v. York,* 326 U.S. 99, 111–12, 65 S. Ct. 1464 (1945). If no state court decisions control, we must make an *"Erie* guess" as to how the Texas Supreme Court would apply state law. *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 483 (5th Cir. 2008).

Texas applies a four-year statute of limitations to breach of contract claims. Tex. Civ. Prac. & Rem. Code § 16.051. Although conceding that the statute of limitations would ordinarily bar this breach of contract suit for MetLife's actions more than two decades ago, the appellants contend that the discovery rule deferred accrual of the cause of action until the *Rabouin* class action was filed in 1998, and the *American Pipe* doctrine tolled the statute of limitations until decertification of the *Rabouin* class in 2006.

## 1. *Discovery Rule*

The appellants contend that the discovery rule should defer accrual of the cause of action until 1998, when they learned of their claims through the filing of the *Rabouin* class action. The discovery rule provides a "very limited exception to statutes of limitations." *Computer Associates International, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). Although the doctrine evolved in different directions over many years, in 1996 the Texas Supreme Court clarified the rule in two cases, referring to the reasoning in earlier cases as "diverse, somewhat inconsistent, and often overly broad." *S.V.,* 933 S.W.2d at 5–6. Following *Altai* and *S.V.*, the discovery rule defers accrual of a cause of action if (1) the nature of the injury incurred is inherently undiscoverable and (2) the evidence of injury is objectively verifiable. *Altai*, 918 S.W.2d at 456; *S.V.*, 933 S.W.2d at 6. The purpose of these criteria is to prevent both stale and fraudulent claims from being asserted in contravention of the policies behind the statutes of limitations. Because the appellants' injury from breach of contract was not inherently undiscoverable, we do not address whether it is objectively verifiable.

"An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (Tex. 2001). The inquiry focuses categorically on the type of injury alleged rather than on the circumstances of the particular case. *Id.* at 736; *see also Via Net v. Tig Insurance Co.*, 211 S.W.3d 310 (Tex. 2006) (per curiam).

The Texas Supreme Court has applied the discovery rule to a variety of categories, but neither misappropriation of trade secrets, *Altai*, 918 S.W.2d at 457, nor failure to notify of the existence of a cause of action, *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998), nor failure to add a third party as additional insured, *Via Net*, 211 S.W.3d at 313, has been held to constitute an

inherently undiscoverable injury. Indeed, no Texas court has found a breach of contract to qualify as inherently undiscoverable, yet the Texas Supreme Court has not foreclosed the possibility. *See Via Net*, 211 S.W.3d at 314.

Appellants hope to springboard from the holding that in a fiduciary relationship, the discovery rule normally tolls the statute of limitations because beneficiaries have little responsibility to verify the fiduciary's performance. *See Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988) ("As a fiduciary, an attorney is obligated to render a full and fair disclosure of facts material to the client's representation. The client must feel free to rely on his attorney's advice. Facts which might ordinarily require investigation likely may not excite suspicion where a fiduciary relationship is involved." (citation omitted)). While acknowledging that no fiduciary relationship exists in their relationship with MetLife, the appellants contend that the "special relationship of confidence and trust" between insurer and insured should lessen the duty to verify performance. This distinction is not compelling. Outside a fiduciary relationship, however, contracting parties must verify each other's performance. The Texas Supreme Court explains:

> Contracting parties are generally not fiduciaries. Thus, due diligence requires that each protect its own interests. Due diligence may include asking a contract partner for information needed to verify contractual performance. If a contracting party responds to such a request with false information, accrual may be delayed for fraudulent concealment. But failing to even ask for such information is not due diligence.

*Via Net*, 211 S.W.3d at 314 (internal citations omitted). *Via Net* draws a clear line between fiduciary and non-fiduciary contracts, and the Texas Supreme Court has shown no inclination to recognize an intermediate "special relationship" standard in the discovery rule context.

Turning to the facts at hand, we ask whether the injury suffered by these appellants, by its nature, is unlikely to be discovered within the prescribed

5

limitations period despite due diligence. *Wagner & Brown*, 58 S.W.3d at 734–35. Appellants allege that they received smaller dividends on their insurance policies after 1991 because MetLife impermissibly diverted profits to other divisions, but no explanation was offered for the decrease.

The appellants' situation resembles that of the plaintiff in *Altai*, where the court disallowed a delayed claim for theft of trade secrets under the discovery rule. In *Altai*, the injury, a new product release by a competitor, was well known, but its cause, theft of a trade secret, was not. 918 S.W.3d at 457. Similarly, the reduction in MetLife policy dividends was known to the appellants, even if the cause of that reduction was uncertain. Using due diligence, appellants could have studied their policies, contacted MetLife, or posed inquiries to the appropriate insurance regulatory boards concerning the smaller dividends. As with the *Altai* plaintiff, they misunderstand the "inherently undiscoverable" prong of the discovery rule, which "encompasses the requirement that the existence of the injury is not ordinarily discoverable, even though due diligence has been used." *Altai*, 918 S.W.3d at 456. In contrast, leaving a foreign object in a patient's body conceals both source and injury from the victim. *See Gaddis v. Smith*, 417 S.W.2d 577, 579 (Tex. 1967) ("It is a virtual certainty that the patient has no knowledge on the day following the surgery—nor for a long time thereafter—that a foreign object was left in the incision.").

The Texas cases establish that, at a minimum, due diligence would require the appellants to request information to verify MetLife's performance of its contractual duties. *See, e.g.*, *Via Net*, 211 S.W.3d at 314. The appellants assert that this inquiry could have been fruitless because MetLife had no legal duty to supply them with information. *Via Net* addressed this argument—if MetLife had refused to provide necessary information to the appellants, fraudulent concealment would toll the statute of limitations. *Id.* Had the appellants

exercised due diligence by requesting information from MetLife, either they would have received information alerting them of their injuries or MetLife's fraudulent concealment would have extended the cause of action. With the exercise of due diligence, which required inquiry into MetLife's performance, the appellants' injuries were not inherently undiscoverable.

This conclusion is also consistent with *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732 (Tex. 2001),which involves facts similar to the instant case. In *Wagner & Brown*, the oil and gas royalty owners claimed that the lease operator inflated charges against the gas sales price and reduced their royalty. *Id.* at 733. The court determined that "a royalty owner should exercise due diligence to determine whether charges made against royalty payments are proper and reasonable" and that due diligence required requesting information from the lessee. *Id.* at 736. Investigating improper charges was not too onerous a burden to impose on contracting parties, and "those who receive statements listing fees charged should be alerted to the need to perform additional investigation to protect their interests." *Id.* at 737. The district court correctly described the similarities:

> The case at bar is materially indistinguishable from *Wagner & Brown*. Just like the lessees who did not diligently investigate the lessor's conduct or the reasons for the lower royalty payments, the plaintiffs in this case have not shown this court that they made appropriate efforts, or, indeed, any efforts to inquire with MetLife about any allocations of surplus profits throughout the 1980s to determine whether defendant was properly performing its contractual obligations.

The appellants have not meaningfully distinguished this case from *Wagner & Brown*. Based on its previous decisions, we conclude that the Texas Supreme Court would not apply the discovery rule to this type of injury.

*2.* American Pipe *Tolling*

*American Pipe* held that the statute of limitations is tolled for potential class members during a pending class action: "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554, 94 S. Ct. 756 (1974); *see also Grant v. Austin Bridge Const. Co.*, 725 S.W.2d 366, 370 (Tex. App.—Houston [14th Dist] 1987, no writ). Because the discovery rule does not toll the statute of limitations here, the appellants do not dispute that their cause of action expired before the filing of *Rabouin*. *American Pipe* does not resurrect expired claims and is inapplicable. *See Grant*, 725 S.W.2d at 370 ("Any time remaining on the statute of limitations . . . on the date of the filing of the lawsuit was restored and began to run again on the date the class was decertified.").

## IV. CONCLUSION

Because the appellants' injury was not inherently undiscoverable, the discovery rule does not toll the statute of limitations, and the district court properly dismissed the suit as time-barred.

**AFFIRMED.**