# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

THOMAS J. SMITH, BY TUTRIX CAROLYN SMITH,

Plaintiff - Appellant

v.

DEPARTMENT OF HEALTH AND HOSPITALS STATE OF LOUISIANA;
EASTER SEALS LOUISIANA, INCORPORATED; SOUTH CENTRAL
LOUISIANA HUMAN SERVICE AUTHORITY - DEVELOPMENTAL
DISABILITIES; LAFOURCHE ARC,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-3057

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas J. Smith, by Tutrix Carolyn Smith, appeals *pro se* from the district court's pre-trial dismissal of his claims that Defendants the Department of Health and Hospitals State of Louisiana ("the Department"), South Central Louisiana Human Services Authority, Easter Seals Louisiana,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31305

Inc., and Lafourche ARC violated his rights under various federal statutes and constitutional provisions by reducing his weekly hours of in-home care from 168 to 74. For the following reasons, we affirm.

I.

Smith is a disabled Medicaid recipient and participant in the New Opportunities Waiver ("NOW") program. The NOW program, which is administered by the Department, allocates resources—including in-home care—to participants based on their level of need. Smith alleges that, in 2012, the Department reduced his in-home care from 24 hours per day to 74 hours per week. Smith appealed this reduction to a state administrative law judge, who affirmed the Department's decision. In July 2012, Smith filed suit in the Seventeenth Judicial District for the Parish of Lafourche, seeking review of the administrative law judge's ruling. This suit is still pending.

On December 31, 2012, Smith filed a motion for leave to proceed *in forma pauperis* in the United States District Court for the Eastern District of Louisiana. The court granted the motion, and, on January 9, 2013, Smith filed his *pro se* complaint. Summons were withheld, however, pending further order of the court. In his complaint, Smith purported to "transfer" his pending state court action to the federal district court. The magistrate judge construed this as Smith's attempt to remove his own action to federal court and recommended that the action be remanded to the Seventeenth Judicial District for the Parish of Lafourche.

Smith objected to the magistrate judge's recommendation, explaining that he intended to file a separate action in federal court and erroneously believed that he was required to transfer his pending state court action in order to do so. The district court sustained Smith's objection, rejected the magistrate judge's recommendation, and granted Smith leave to file an amended

complaint that included claims under federal statutory or constitutional law. Smith filed his amended complaint on March 1, 2013.

In August 2013, Smith filed a Motion for Emergency Permanent Restraining Order, by which defendants would be immediately enjoined from reducing Smith's in-home care hours. Finding that the defendants had not been served with Smith's amended complaint, the district court denied Smith's motion without prejudice to re-file once the defendants had been served and given an opportunity to file responsive pleadings. After being served, the defendants each filed motions to dismiss Smith's amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

On November 19, 2013, Smith filed identical oppositions to all three motions to dismiss. On December 16, 2013, the district court granted the defendants' motions to dismiss, holding that Smith had failed to state a claim upon which relief could be granted and that the district court lacked subject matter jurisdiction to hear Smith's claims. Smith now appeals the judgment of the district court.

## II.

This court reviews de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010). Likewise, this court reviews de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012). "[B]ut conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (internal quotation marks omitted).

As an initial matter, to the extent that Smith seeks review in federal court of the Department's decision to reduce his benefits under the NOW program, his claims do not raise a federal issue and were rightly dismissed for lack of subject matter jurisdiction. *See Vinson v. La. Sec'y of Health and Hosps.*, 2009 WL 1406296, *1-2 (W.D. La. May 19, 2009); *Mashburn v. La. Dep't. of Soc. Servs.*, 1993 WL 192122, *1 (E.D. La. June 1, 1993). Under Louisiana law, a plaintiff aggrieved by a final decision of the Department must seek review "in *state*, as opposed to federal, court." *Mashburn*, 1993 WL 192122 at *1; s*ee also* La. Rev. Stat. § 46:107(C) ("[A]n applicant or recipient may obtain judicial review [of an adverse administrative decision] by filing a petition for review of the decision in the Nineteenth Judicial District Court or the district court of the domicile of the applicant or recipient."). Thus, as the district court correctly noted, Smith must continue to pursue these claims in state court.

Regarding Smith's claims under federal law—namely, that defendants violated his federal statutory and constitutional rights by reducing his weekly hours of in-home care from 168 to 74—we agree with the district court that Smith has failed to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable factual inference that the defendant is liable for the misconduct alleged." *Id.* Although a district court must assume the veracity of well-pleaded facts, a complaint that "fail[s] to show more than mere

conclusory allegations" is properly met with dismissal for failure to state a claim. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010); *see also Iqbal*, 556 U.S. at 679.

Smith's amended complaint (amended for the purpose of stating claims cognizable under federal law) sets forth no facts that, if proved, would entitle him to relief. For example, Smith claims that the Department reduced his weekly hours of in-home care from 168 to 74, but he does not indicate how this reduction constitutes discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, as he alleges. Without connecting the alleged facts to the alleged rights, Smith argues only that his benefits were reduced and that this reduction amounts to a violation of his federal statutory and constitutional rights. The proper response to such conclusory allegations is dismissal for failure to state a claim. *See Iqbal*, 556 U.S. at 678; *Beavers*, 566 F. 3d at 439.

For the foregoing reasons, we AFFIRM the judgment of the district court.