# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2014

Lyle W. Cayce
Clerk

RICHARD TUCKER,

      Plaintiff - Appellant

v.

LAUREN PARISH; JAMES BOWLING; DEAN FOWLER; WILLIAM MCGEE,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-602

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Richard Tucker appeals the district court's dismissal of his First Amendment claims against various individuals associated with the Upshur County Juvenile Probation Department. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41157

I.

Tucker sued four officials associated with the Upshur County Juvenile Probation office in their individual capacities under 42 U.S.C. § 1983 for violations of his rights under the First Amendment. The named defendants are (1) Lauren Parish, a judge of the 115th Judicial District Court of Upshur County, (2) James Bowling, formerly an interim Upshur County judge during the relevant period, (3) Dean Fowler, an Upshur County judge, and (4) William McGee, the Chief Juvenile Probation Officer (collectively "appellees").

According to his amended complaint, Tucker began working as a probation officer in June 2007, and was the senior juvenile probation officer when he was terminated on August 31, 2011. He alleges that in March 2010 he reported to the Juvenile Probation Office Board that ex-Juvenile Probation Office Chief Milton Wylie and two other probation officers were forging government documents. In retaliation, he was stripped of his collateral duties and received a disciplinary notice for creating a hostile work environment. Tucker also alleges that he was moved into a smaller and less accessible office, and that these actions were taken with the approval and under the direction of Parish and Fowler, who served as the office's board members.

Tucker's other allegations of retaliation include being "skipped over" for a raise that was given to two other probation officers, having his access to the office's Policy and Procedure Manual and attendance at Commissioner's Court meetings restricted, being assigned fewer cases, and being ordered not to speak to the District Attorney's office. He claims that he brought the retaliation to the attention of Bowling, who stated that McGee was trying to marginalize him but otherwise took no action to alleviate the situation. He also attempted to discuss the situation with Parish, but was told that she would not speak with him. Tucker was terminated on August 31, 2011, and claims that the

2

No. 13-41157

appellees' stated reason for the termination—budget constraints—is not the true reason for his firing.  Rather, he claims that the appellees terminated him in retaliation for his reporting the forgery.

On September 23, 2013, the district court granted appellees' motions to dismiss Tucker's claims under Rule 12(b)(6).  It held that the First Amendment did not protect Tucker's reporting of the forgery because it was speech made in the course of performing his job.  It further held that he failed to adequately plead a colorable claim for the violation of his right of freedom of association. Tucker appeals.

## II.

This court reviews de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (internal quotation marks omitted).  "[B]ut conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (internal quotation marks omitted).

## III.

Tucker argues that the district court erred in dismissing his freedom of speech claims because "a public employee who engages in whistleblowing does not forfeit his protection against retaliation for his use of free speech simply because he makes such speech privately rather than publicly."  But he fails to address the district court's holding that the First Amendment does not protect the type of speech for which Tucker claims he suffered retaliation.  We hold

3

No. 13-41157

that the district court correctly determined that Tucker's reporting of the alleged forging of government documents was not protected speech.

A public employee asserting a retaliation claim under the First Amendment "must establish the following: (1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action." *Modica v. Taylor*, 465 F.3d 174, 179–80 (5th Cir. 2006). The district court held that although Tucker adequately pleaded an adverse employment action, his speech was not protected under the First Amendment. Because Tucker's failure to properly allege protected speech was dispositive, the court did not reach the remaining two elements.

The second element—whether or not the speech involved a matter of public concern—"is a question of law that must be determined by the court." *Id.* at 180 (internal quotation marks omitted). In doing so, "our first task is to determine whether [the] speech was part of [the public employee's] official duties, that is[,] whether she spoke as a citizen or as part of her public job." *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008); *see also Garcetti v. Ceballos*, 547 U.S. 410, 419 (2006) ("The First Amendment limits the ability of a public employer to leverage the employment relationship to restrict, incidentally or intentionally, the liberties employees enjoy in their capacities as private citizens," and protects speech "[s]o long as employees are speaking as citizens about matters of public concern."). This court has held that "[a]ctivities undertaken in the course of performing one's job are activities pursuant to official duties and not entitled to First Amendment protection," and that "when a public employee raises complaints or concerns up the chain

4

No. 13-41157

of command at his workplace about his job duties, that speech is undertaken in the course of performing his job." *Davis*, 518 F.3d at 313.

Tucker reported the alleged forging of government documents to Wylie, Parish, and Fowler, and never to anyone outside his chain of command. And even assuming his duties as a probation officer did not include reporting misconduct that occurred in his presence, Tucker's speech consisted of reporting information he gained because of his employment as a probation officer. *See Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 694 (5th Cir. 2007) ("Simply because Williams wrote memoranda, which were not demanded of him, does not mean he was not acting within the course of performing his job."). Tucker's amended complaint does not allege that the forged documents related to anything other than the subject matter of his employment, and fails to provide any other fact to establish that he was speaking as a citizen and not as a probation officer when he reported the forgeries.

We hold that the district court did not err in dismissing Tucker's freedom of speech claim.

IV.

Tucker also argues that the district court erred in dismissing his freedom of association claim. To prevail on a retaliation claim premised on a violation of the First Amendment's right to association, the plaintiff must "show that (1) he suffered an adverse employment action, (2) his interest in 'associating' outweighed the [employer's] interest in efficiency, and (3) his protected activity was a substantial or motivating factor in the adverse employment action." *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). We hold that the district court correctly dismissed this claim because Tucker failed to allege a violation of his First Amendment right of association.

No. 13-41157

The district court order disposed of the freedom of association claim in one paragraph, stating:

> Tucker alleges that Defendants violated his rights to freedom of association. But he did not plead *any* facts about freedom of association. In fact, besides the general averment that he was retaliated against for "pursuing his right to freedom of association", the word "association" does not appear anywhere else in the Amended Complaint. Therefore, to the extent that any cause of action lies separately in the violation of the right of freedom of association, the motion to dismiss should be granted.

*Tucker v. Upshur Cnty. Juvenile Prob.*, No. 6:11-cv-602 (E.D. Tex. Sept. 23, 2013). On appeal, Tucker's argument is that he "was subjected to a clear prohibition against speaking to members of the District Attorney's office, even on personal matters." But he has never argued—before this court or the district court—that any association or attempted association with the District Attorney's office led to his termination. To the extent Tucker claims a violation of his right of freedom of association that is distinct from his free speech claim, we hold that the district court was correct to dismiss it for inadequate pleading.

V.

For the foregoing reasons, we AFFIRM the judgment of the district court.