# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10490
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2015

Lyle W. Cayce
Clerk

AUDREY COLEMAN,

Plaintiff-Appellant

v.

TODD SELLARS, Dallas County U.S. Assistant District Attorney,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1648

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Audrey Coleman, proceeding pro se, moves to proceed in forma pauperis (IFP) to appeal the dismissal of her 42 U.S.C. §§ 1983 and 1985 complaint against Assistant Dallas County District Attorney Todd Sellars. Coleman alleged that Sellars violated her rights under the Fourth, Fifth, Seventh, and Fourteenth Amendments by conspiring with and advising a Dallas County constable and officers that they could proceed to evict her from her Grand

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10490

Prairie, Texas residence despite an automatic stay resulting from both her prior Chapter 7 bankruptcy proceeding and her removal of the forcible detainer action from state court to federal court.  The district court granted in part Sellars's motion to dismiss for failure to state a claim and dismissed Coleman's federal claims with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Coleman's state law claims were dismissed without prejudice.  The district court certified that the appeal had not been taken in good faith and denied Coleman permission to proceed IFP.

By moving to proceed IFP, Coleman is challenging the district court's certification that her appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Because the district court dismissed the complaint as both frivolous and for failure to state a claim, we will review the matter de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (§ 1915(e)(2)(B)(i)); *Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 438-39 (5th Cir. 2009) (FED. R. CIV. P. 12(b)(6)).  To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  Contrary to Coleman's argument, the district court was not required to allow her to conduct discovery prior to dismissing her complaint. *See* § 1915(e)(2); *Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).

No. 14-10490

In her brief, Coleman challenges the district court's dismissal of her § 1983 claims against Sellars based upon his participation in her November 12, 2012 eviction.  None of her arguments suffices to show a nonfrivolous appellate claim.  First, Coleman's allegations do not raise a viable Fourth Amendment claim, as her filing of a notice of removal of the state court detainer action—in which a default judgment of possession had been entered eight months earlier and a writ of possession to enforce the judgment had been issued several days earlier—does not render Sellars's directive to proceed with the eviction an unreasonable seizure.  *See Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992); *Freeman v. City of Dallas*, 242 F.3d 642, 653-54 (5th Cir. 2001).  Likewise, she fails to state a claim that Sellars violated her Fifth Amendment right to due process, as that amendment pertains to federal, not state, actors.  *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000).

Coleman also maintains that Sellars's participation in the eviction deprived her of her right to a jury trial, as guaranteed by the Seventh Amendment.  However, Coleman does not explain how her right to a jury trial could have been violated by Sellars's actions, where she was served with the forcible detainer suit and made no appearance, resulting in a default judgment taken against her months before her bankruptcy proceedings and notice of removal.  Moreover, the Supreme Court has held that the Seventh Amendment's guarantee of a civil jury does not apply to the States.  *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916); *see McDonald v. City of Chicago*, 561 U.S. 742, 765 n.13 (2010).

In addition, Coleman does not show that the district court erred in dismissing her Fourteenth Amendment due process claim.  Nothing in the complaint suggests any deficiency in the notices provided to her, which Coleman acknowledges were posted on the door of her residence more than

3

24 hours prior to the eviction.  Further, as noted by the district court, Coleman's due process claim is an impermissible challenge to the state court judgment that awarded possession of her residence to a bank.  *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).  In her last § 1983 claim, Coleman contends that Sellars acted with reckless negligence because he did not have the authority or jurisdiction to order her removal from the residence.  This claim, too, fails to state a claim upon which relief may be granted; negligent conduct is not actionable under § 1983.  *See Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995).

Coleman also contends that Sellars conspired to enforce the detainer action and eviction and deprive her of her property.  However, she alleged no facts regarding a discriminatory animus or an agreement between Sellars and any other person, as required by § 1985(3).  *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994).  Thus, the district court did not err in determining that Coleman failed to state a claim for conspiracy under § 1985(3).

Finally, Coleman argues that the district court should not have dismissed her claims alleging abuse of process, fraud, negligence, negligent misrepresentation, trespass, assault, and intentional infliction of emotional distress.  A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Coleman has not shown any abuse of discretion.  *See Batiste v. Island Records Inc.*, 179 F.3d 217, 226 (5th Cir. 1999).

Coleman's appeal is without arguable merit and is thus frivolous. Accordingly, Coleman's request for IFP status is denied, and her appeal is dismissed.  *See Howard,* 707 F.2d at 219-20; 5TH CIR. R. 42.2.  Additionally, Coleman has a history of filing numerous duplicative and frivolous filings in

No. 14-10490

the district court and this court challenging her eviction. As a result, Coleman is warned that any further filing of repetitious or frivolous pleadings involving the November 12, 2012 eviction may result in the imposition of sanctions against her. These sanctions may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.