# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60242

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

J. C. RAMSEY, JR.,

Plaintiff-Appellant

v.

MERRIAL LEE, Sergeant, in individual and official capacities; LORRETTA
ROBINSON, Correction Officer, in individual and official capacities; ROBERT
TAYLOR, Warden, Issaquena County Correctional Facility, in individual and official
capacities,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-861

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

J.C. Ramsey, Jr. moves for leave to appeal in forma pauperis (IFP) and
for appointment of counsel. Ramsey filed a 42 U.S.C. § 1983 action against the
warden and two correctional officers of the Issaquena County Correctional
Facility, alleging claims arising from the alleged confiscation of legal
materials. The district court dismissed the action for failure to state a claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60242

The court also denied Ramsey's IFP motion and certified that his appeal was not taken in good faith.

By moving to appeal IFP, Ramsey challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if "it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

We review de novo the district court's dismissal for failure to state a claim. *See Beavers v. Metropolitan Life Ins. Co.*, 566 F.3d 436, 439-39 (5th Cir. 2009); FED. R. CIV. P. 12(b)(6). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Although factual allegations are viewed in the light most favorable to the plaintiff, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers*, 566 F.3d at 439 (internal quotation marks and citation omitted). Issues not argued on appeal are deemed abandoned, and the mere mention of a claim, unsupported by any factual or legal analysis, does not amount to adequate briefing and does not preserve the issue for appellate review. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (noting that this court is not required to fashion theories and arguments for appellants).

Ramsey merely repeats his narrative of events and concludes that stated a valid claim. He does not discuss the district court's reason for dismissal or identify any factual or legal error in the district court's ruling or IFP denial.

No. 15-60242

Ramsey thus abandons any challenge to the dismissal of his claims or the denial of IFP status. *See Audler* 519 F.3d at 255. Because Ramsey fails to identify any nonfrivolous issue for appeal, his motion to appeal IFP is DENIED. His motion for appointment of counsel is likewise DENIED. The appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.