# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20346

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2018

Lyle W. Cayce
Clerk

J. D. JORDAN,

        Plaintiff - Appellant

v.

ROBERT C. FLEXTON, President and Chief Executive Officer; MARION ALONSO, Executive Vice President; CATHERINE CALLAWAY, Executive Vice President & General Counsel; JEANNE BURKE, Executive Vice President; CLINT FREELAND, Executive Vice President and Chief Financial Officer; HENRY JONES, Executive Vice President,

        Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3316

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant J.D. Jordan appeals the district court's Rule 12(b)(6) dismissal of his shareholder lawsuit seeking to recover for Dynegy, Inc.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20346

("Dynegy") "short-swing insider trading profits"[1] pursuant to § 16(b) of the Securities Exchange Act. Jordan contends that the district court improperly determined that the transactions at issue were exempt from the disgorgement requirements of § 16(b). We affirm the district court's dismissal of Jordan's action for failure to state a claim.

## I. FACTS AND PROCEEDINGS

Jordan alleges that he is a shareholder of Dynegy and that the above-named Defendants-Appellees ("defendants") were officers of Dynegy at all relevant times.[2] Jordan further alleges that the defendants made "short-swing insider trading profits" on a series of dispositions of equity securities of that company. He asserts that, because these dispositions occurred less than six months after the defendants received the equity securities from Dynegy, the profits must be disgorged to the corporation in accordance with § 16(b).[3] Jordan argues that the transactions are governed by § 16(b) and do not qualify for an exemption under Rule 16b-3(e) because the transactions were neither pre-approved nor automatic, both of which are required for that exemption to apply.

Jordan sued the defendants in the Southern District of Texas in November 2016.[4] The defendants filed a motion to dismiss pursuant to

---

[1] 15 U.S.C.A. § 78p describes short-swing insider trading as "any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months."

[2] In their brief, the defendants indicate that Jordan has misspelled many of their names. This opinion uses the names as Jordan initially spelled them when filing this lawsuit.

[3] The security grants were made pursuant to a long term compensation plan. Jordan does not allege facts to demonstrate that such grants were "non-exempt purchases" as contemplated in § 16(b). We will nevertheless assume, *arguendo*, that the stock grants constitute non-exempt purchases under § 16(b).

[4] After filing suit, Jordan sent an email to Dynegy's corporate counsel, suggesting that if Dynegy would pay him a "consulting fee equal to 12% of the amount claimed[,]" he would

No. 17-20346

Rule 12(b)(6), asserting that the stock transfers at issue were exempt from § 16(b) under the express language of Rule 16b-3(e). The defendants argued, in the alternative, that Jordan's claims should be dismissed because the dispositions at issue were made pursuant to an equity compensation plan and thus not the type of transaction restricted by § 16(b). The district court determined that the transactions were "compensation related" and "designed to be exempt under Section 16b-3(e)."[5] The court dismissed Jordan's claims, and he timely appealed.

## II. LAW AND ANALYSIS

### A. Standard of Review

This court reviews the grant of a motion to dismiss de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

enter a confidential agreement "provid[ing] a full and complete release" and dismiss the suit with prejudice. The parties did not enter into any such agreement.

[5] As Jordan emphasizes in his brief, there is no "Section 16b-3(e)" in the Security Exchange Act. SEC *Rule* 16b-3(e), however, does exist and both Jordan and the defendants discuss Rule 16b-3(e) in their filings. The district court's reference to "Section 16b-3(e)," as opposed to Rule 16b-3(e), appears to have been a typographical error.

[6] *Hines v. Alldredge*, 783 F.3d 197, 201 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Id.*

do not suffice."[9]    Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level . . . ."[10] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[11]

B. Section 16(b)

Under § 16(b) of the Securities Exchange Act,[12] a shareholder "may bring suit against the officers, directors, and certain beneficial owners of the corporation who realize any profits from the purchase and sale, or sale and purchase, of the corporation's securities within any 6–month period."[13] "To state a claim for disgorgement of short-swing profits under Section 16(b), a plaintiff must allege: (1) a non-exempt purchase and subsequent non-exempt sale (or a non-exempt sale and subsequent non-exempt purchase) of a class of an issuer's equity securities (2) within a six-month period (3) by a statutory insider."[14]

---

[9] *Id.*

[10] *Twombly*, 550 U.S. at 555.

[11] *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[12] 15 U.S.C. § 78p(b).

[13] *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 223 (2012).

[14] *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 544, 550 (S.D.N.Y. 2014) (citing *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998)); *Sun River Energy, Inc. v. McMillan*, 3:13-cv-2456-D, 2014 WL 4771852 at *6 (N.D. Tex. Sept. 25, 2014) (citing *Gwozdzinsky*, 156 F.3d at 308); *Donoghue v. Patterson Companies, Inc.*, 990 F. Supp. 2d 421, 424 (S.D.N.Y. 2013) ("To plead a plausible claim for a violation of Section 16(b), plaintiff must plead facts sufficient to show that there is the purchase and sale (or sale and purchase) of a security not otherwise exempt from Section 16(b)."). The parties do not dispute that the transactions at issue occurred within a six-month period and involved statutory insiders.

No. 17-20346

The Securities and Exchange Commission ("SEC"), however, has provided specific exemptions from § 16(b)'s general requirements. Apropos here, a disposition of equity securities from an officer or director to the issuer—Dynegy, in this case—is exempt from § 16(b)'s disgorgement requirement if the transaction (1) is not discretionary and (2) is pre-approved in accordance with the requirements of Rule 16b-3.[15] To survive the defendants' motion to dismiss, Jordan had to have pled facts which demonstrate that the dispositions were discretionary or not pre-approved in accordance with Rule 16b-3.

> a. *Jordan failed to allege facts which show that the dispositions were discretionary.*

To qualify as discretionary under Rule 16b-3(e), a transaction must be "at the volition of a plan participant";[16] not made as a result of the participant's death, retirement, or termination; not required to be available to the participant by the IRS; and result in an intra-plan transfer of equity securities or cash, "funded by a volitional disposition of an issuer equity security."[17]

The only allegation in Jordan's complaint regarding whether the transactions were discretionary is that "none of the dispositions . . . were 'automatic' as required to achieve an exemption under 16b-3(e) as the approval documents give the choice of payment of the tax liability to the insider. . . ."[18]

---

[15] 17 C.F.R. § 240.16b-3(e) (2017). The transaction may be pre-approved by the issuer's board of directors, a committee of the board, or a majority of the shareholders.

[16] 17 C.F.R. § 240.16b-3(b)(1) (2017). Jordan also seems to argue that the transactions were discretionary because the issuer—Dynegy—had discretion whether to accept cash or stock for the tax liability. The plain language of Rule 16b-3(e) refutes this argument.

[17] 17 C.F.R. § 240.16b-3(b)(1) (2017).

[18] Other than this single allegation, Jordan did not address the discretionary nature of these transactions in the district court. The defendants contend that Jordan has waived this issue because he did not raise it in the district court. "An argument not raised before the district court cannot be asserted for the first time on appeal." *SmithGroup JJR, P.L.L.C. v. Forrest Gen. Hosp.*, 661 F. App'x 261, 265 (5th Cir. 2016) (quoting *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008)); *see also United States v. Zuniga*, 860 F.3d 276, 285 n.9 (5th Cir. 2017) ("Failure to raise a claim to the district court

No. 17-20346

Jordan does not, however, allege any facts to support his conclusion that allowing the defendants to choose between using cash or securities to fulfill a tax withholding right means the dispositions were "at the volition of a plan participant."[19] His bald legal conclusions, therefore, "will not suffice to prevent a motion to dismiss."[20]

> b. *Jordan failed to allege facts which demonstrate that the dispositions were not pre-approved in accordance with Rule 16b-3.*

Under Rule 16b-3, a transaction is exempt from § 16(b)'s disgorgement requirements when an issuer such as Dynegy has pre-approved a transaction involving equity securities.[21] To qualify as "pre-approved" under this rule, the terms of the transaction must be approved in advance by the issuer's shareholders, board of directors, or a board committee.[22] The SEC has specified that to qualify as pre-approved, either "each specific transaction" must be approved in advance or the board or shareholders must pre-approve "a plan pursuant to which the terms and conditions of each transaction are fixed in advance."[23] Such pre-approval applies to plans that call for the disposition of

---

'constitutes a forfeiture, not a waiver, of that right for the purposes of appeal.'" (quoting *United States v. Chavez-Valencia*, 116 F.3d 127, 130 (5th Cir. 1997)). Given Jordan's status as a pro se litigant, however, we will view this allegation as sufficient to preserve his right to challenge the discretionary nature of the transaction on appeal. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (explaining that pro se litigants should be "held to less stringent standards that formal pleadings drafted by lawyers")).

[19] Jordan acknowledges in his brief that the defendants, as the plan participants, did not have "any control over the timing of the transaction, the amount of the tax payment made to Dynegy, or the price at which the restricted stock units were disposed." Jordan did not include these factual details in his complaint, but they lend further support to the conclusion that the dispositions were not discretionary.

[20] *Fernandez-Montes*, 987 F.2d at 284.

[21] 17 C.F.R. § 240.16b-3 (2017).

[22] 17 C.F.R. § 240.16b-3(d)–(e) (2017).

[23] 17 C.F.R. § 240.16b-3 n.3 (2017).

shares for tax withholdings: "Where the terms of a subsequent transaction (such as . . . the provision of an exercise or tax withholding right) are provided for in a transaction as initially approved . . . such subsequent transaction shall not require further specific approval."[24]

Jordan admits that the equity securities at issue were withheld pursuant to Dynegy's 2012 Long-Term Incentive Plan.[25] His opening brief does not otherwise discuss whether the transactions were pre-approved. In his reply brief, however, he contends that when a transaction is pre-approved, but allows a director or officer the discretion to pay tax liability in cash or in equity shares, such approval does not satisfy the requirements of Rule 16b-3(e). Fifth Circuit law is "clear that any issue not raised in an appellant's opening brief is forfeited."[26] Even under the more lenient standard afforded to pro se litigants, Jordan has forfeited this issue.[27]

## III. CONCLUSION

We have reviewed the briefs, the record, the district court's decision, and the applicable law, as a result of which we are convinced that Jordan has failed to allege facts which demonstrate that the dispositions were not exempt from § 16(b)'s requirements. We are satisfied that the district court was correct in dismissing Jordan's claims.

AFFIRMED.

---

[24] 17 C.F.R. § 240.16b-3 n.3 (2017).

[25] The defendants explain that the Plan was a long-term incentive plan approved by stockholders after Dynegy emerged from Chapter 11 bankruptcy.

[26] *United States v. Bowen*, 818 F.3d 179, 192 (5th Cir.), cert. denied, 136 S. Ct. 2477, 195 L. Ed. 2d 812 (2016).

[27] *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them.").